The State, *ex rel.* Hamilton, *v.* Engle.

Filed March 18, 1891.

No. 14,875.

THE STATE, EX REL. HAMILTON, *v.* ENGLE.

MANDAMUS.—*To Justice of the Peace.*—*Dismissal of Action.*—*Judgment for Costs.*—*Issuance of Execution.*—Where a civil suit is dismissed by a justice of the peace for want of prosecution, he may be compelled by mandamus to enter a judgment in favor of the defendant against the plaintiff for his costs, and to issue an execution thereon.

From the Sullivan Circuit Court.

*J. C. Chaney* and *W. S. Maple,* for appellant.

*A. B. Williams, J. T. Beasley, G. W. Buff* and *J. S. Bays,* for appellee.

OLDS, C. J.—This is a proceeding brought by the appel-

lant against the appellee to compel the appellee, a justice of the peace, to enter up a proper judgment for costs and issue a writ for the collection thereof.

The appellant filed his complaint in the circuit court in two paragraphs. The appellee demurred to the second paragraph. The record shows the sustaining of the demurrer to both paragraphs, and exceptions. Judgment upon demurrer in favor of the appellee.

This appeal is prosecuted and the ruling of the court assigned as error.

It appears by the facts alleged in the complaint that William G. Engle, appellee, is a justice of the peace in Sullivan county; that one Hoke brought a suit before said justice against the relator on a promissory note; that relator demanded a jury, and the cause was tried by a jury on September 5th, 1887, and the jury disagreed and was discharged. No further proceedings were had in the case, and on the 8th day of November, 1887, in the absence of the parties to the suit, the justice entered a dismissal of the cause and entered the same on his docket as follows:

"November 8th, 1887. The above cause is hereby dismissed for want of prosecution.

"W. G. ENGLE, Justice."

That the relator had no notice or knowledge of the dismissal of said suit until on the 27th day of January, 1888, when a fee-bill was issued by said justice against him for the costs made by him; that thereupon relator immediately demanded of the justice that he tax all of the costs in said cause to the plaintiff therein, and issue an execution for the collection thereof against the said plaintiff Hoke; that Hoke is solvent and is liable for all said costs, and this suit is brought and the relator asks that the appellee, said justice, be ordered to properly tax said costs to and against the plaintiff, make the proper entries in said cause, and to issue the proper writ for the collection thereof.

It is a well settled rule that mandamus will lie against a

The State, *ex rel.* Hamilton, *v.* Engle.

justice of the peace to compel such justice to enter judgment, to make correct docket entries in accordance with the facts, and to perform all duties that are purely ministerial, but their discretion will not be controlled by mandamus. Mandamus will not lie where there is some other adequate remedy.

In the case of *Smith* v. *Moore*, 38 Conn. 105, it is held that mandamus will lie at the instance of a party aggrieved, to compel a justice to make a true record of a judgment rendered by him, and to furnish a copy to such party when demanded, and that the superior court has jurisdiction to determine whether such record or copy is correct. In *Anderson* v. *Pennie*, 32 Cal. 265, it is held that a mandamus will lie to compel a justice of the peace to enter a judgment of dismissal of a cause. And in *People, ex rel.*, v. *Barnes*, 66 Cal. 594, it is held that mandamus will lie to compel a justice to proceed with the preliminary examination of a person regularly charged with, having committed a public offence. *Forman* v. *Murphy*, 3 N. J. L. 577 ; *Harrison* v. *Emmerson*, 2 Leigh, 764 ; *State, ex rel.*, v. *Edwards*, 51 N. J. L. 479 ; *State, ex rel.*, v. *Van Ells*, 69 Wis. 19 ; *Logansport, etc., R. R. Co.* v. *Groniger*, 51 Ind. 383 ; *State, ex rel.*, v. *Grubb*, 85 Ind. 213 ; *Moore* v. *State, ex rel.*, 72 Ind. 358.

In the case at bar the justice entered a judgment of dismissal of the cause. Upon such a judgment being entered the relator, the defendant in such suit, was *prima facie* entitled to recover his costs from the plaintiff, and it was the duty of the justice to enter up a judgment in favor of the defendant against the plaintiff for his costs. The law fixed the liabilities and rights of the parties as to costs.

In the case of *Pittsburgh, etc., R. W. Co.* v. *Town of Elwood*, 79 Ind. 306, the court says : " Under our system of jurisprudence, the taxation of costs has always been a ministerial and not a judicial act, and officers entitled to charge costs have been authorized to tax such costs, from time to

time, as the services for which they may be taxed shall be rendered."

The mere taxation of costs is a ministerial act. A case may arise as to the amount of costs to be taxed, or concerning the taxing of costs, the determination of which would invoke the judicial powers of the justice of the court in which such question is presented, but no such question arises in this case. *State, ex rel.,* v. *Jackson,* 68 Ind. 58.

Section 590, R. S. 1881, provides that "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." In the case at bar, when the judgment of dismissal was entered the defendant in the case was entitled to recover his costs, unless there be an affirmative showing of some facts by the plaintiff which entitled him to have some portion of the costs taxed against the defendant therein. No such state of facts is shown by the record.

Section 1506 makes it the duty of justices to issue execution on all judgments.

The relator has no other adequate remedy; until a judgment was rendered he could not appeal from it. He is not complaining of the judgment of dismissal. The injury he sustains is on account of the failure of the justice to enter the proper judgment in his favor for costs. It was the duty of the justice, on entering the judgment of dismissal, to enter a judgment in favor of the relator, the defendant, in such action for his costs, against the plaintiff therein, and to issue an execution on the same at the proper time. Having failed to discharge such duty the relator is entitled, under the facts alleged in his complaint, to an alternative writ of mandate requiring appellee, the justice, to render up such judgment and issue an execution thereon, or to show cause why he should not do so.

The relator is entitled to a judgment against the plaintiff in said cause for his costs, and to have an execution issued for the collection of them. The costs made by the plaintiff in

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. *v.* Smith.

said cause the relator is not liable for, and has no interest in them; such costs are collectible by fee-bill against the plaintiff.

The court' erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to overrule the demurrer.

Filed March 17, 1891.