The State, *ex rel.* Dunkleberg, *v.* Porter, Trustee of Clinton Township.

Filed March 11, 1893.

---

|134  63|
|134  268|
|134  63|
|141  489|

No. 16,654.

## THE STATE, EX REL. DUNKLEBERG, *v.* PORTER, TRUSTEE OF CLINTON TOWNSHIP.

MANDAMUS.—*Township Trustee.*—*Action to Compel Issuance of Certificate of Exemption from Work on Highway.*—*Member of Fire Company.*—*Discretionary Act.*—An action was brought to compel a township trustee to issue to the relator a certificate of exemption from work and labor on the highways of said township, and from the payment of commutation money therefor, on the grounds that the relator is a member of a legally organized fire company, under the laws of this State. The defendant admitted the relator's membership in such company, but claimed the act of issuing such certificate to be discretionary with him, and that his refusal to issue such certificate was final, and that he could not be compelled to do so by mandate.

*Held,* that where the facts which bring the relator clearly within the statute entitling him to such exemption are admitted by the defendant, he may be compelled to issue a certificate of exemption to such

The State, *ex rel.* Dunkleberg, *v.* Porter, Trustee of Clinton Township.

person, and that the mandate can only be defeated by controverting the facts alleged in the petition, and showing that such person is not entitled to such certificate.

From the Cass Circuit Court.

*M. B. Lairy, R. Magee* and *G. W. Funk,* for appellant.
*J. C. Nelson* and *Q. A. Myers,* for appellee.

OLDS, J.—This is an application by the relator against the appellee for mandamus, to compel the appellee, as trustee of Clinton township, in Cass county, Indiana, to issue to the relator, who is a resident of said township, a certificate of exemption from all work and labor on the highways of said township, and from the payment of commutation money therefor, on the grounds that the relator is a member of a legally organized fire company under the laws of the State of Indiana, for the protection of life and property, at the Northern Indiana Hospital for Insane, located in Clinton township, county of Cass, and State of Indiana.

An alternative writ of mandate was issued, and a demurrer thereto was filed by the appellee and sustained. Appellant refusing to plead further, judgment was rendered in favor of appellee.

No question is presented as to the sufficiency of the averments in the petition or alternative writ, but the question as to the relator's right to mandamus is met and contested on the grounds that the court has no power to compel the doing of the act by the trustee, for the reason that the statute vests in the trustee a discretionary power, and it is within the power of the trustee to issue or withhold such certificate of exemption, and his decision is final.

As we interpret the argument of counsel for appellee, they contend, that, admitting the relator to be a member of a legally organized fire company, the appellee, though

not questioning that fact, can refuse to issue to him a certificate of exemption from road work, and his action is final, and that he can not be compelled to do so by mandate; that the statute provides that certain persons may be exempt from work, thereby vesting a discretionary power in the trustee to exempt or not.

We can not agree with this theory of counsel for appellee.

The statute (section 1551, Elliott's Supp.) provides that "On application to the township trustee, any person liable to work on highways may be exempt therefrom, if it be shown that he is unable from bodily infirmities to work thereon, and that he is too poor to pay the commutation therefor; also, any person belonging to any legally organized fire company; and, in such cases, the township trustee shall execute to such person a certificate thereof, which shall, on being presented to the supervisor, entitle him to such exemption."

Where there is no reasonable controversy about the facts this statute is mandatory. When the trustee concedes that a person is unable from bodily infirmities to work on the highway, and that he is too poor to pay the commutation money, or that he is a member of a legally organized fire company, he is bound to issue a certificate of exemption. The statute exempts such persons from work upon the highway, and imposes on the trustee the burden of performing a ministerial act in issuing certificates of exemption to them.

We have no doubt a trustee may defeat a proceeding for mandamus by controverting the facts alleged in the petition, as entitling the party to an exemption, and showing that such person was not entitled to such certificate.

If issues were joined in relation to the facts entitling

the party to an exemption, the person would have to establish such facts by clear proof, before he would be entitled to the writ.   But here the trustee (the appellee) does not controvert the existence of the fact entitling the relator to the exemption, but contents himself by saying it was discretionary with him to grant the exemption and issue the certificate or not, as he willed, and there is no power to compel him to issue it.   This interpretation of the law would place exemptions at the will of trustees; some might be liberal in granting, others might refuse all applications, or exempt some and refuse others on the same state of facts, and the parties would be without remedy.   Such was not the intention of the law-making power.   It was intended to put all on an equal basis, and one coming clearly within the provisions of the act is entitled to an exemption as of right, and may compel the issuing of a certificate exempting him from such labor. As to the authority of the court to compel by mandate the issuing of the certificate, we think there is no doubt.

A case directly in point is *Coats* v. *State, ex rel.*, 133 Ind. 36.   When a justice of the peace refused to approve an appeal bond which was perfectly good, and the party desiring the appeal sought to compel him, by mandate, to approve the bond, and the justice answered that "he had considered the appeal bond tendered and filed with him insufficient, and for that reason he had rejected it," and it was held that even this answer was not sufficient.  If he had alleged that the bond in fact was not sufficient, a different question would have been presented, but in that case, as in this, the justice, like the trustee, admits the facts alleged upon which they should have acted to be true, but declare themselves the supreme arbitrator of the question, and that their decision is final, and that they can not be compelled by mandate to do the act.   The case cited is, we think, correct in principle and

supported by authority. The act of the trustee, as we have said, is a mere ministerial act, and that too of a ministerial officer, while in the case of *Coats* v. *State, ex rel., supra,* the act, though ministerial, was required of a judicial officer.

In *State, ex rel.,* v. *Engle,* 127 Ind. 457, it was held that when a case pending before a justice of the peace was dismissed for want of prosecution, the justice could be compelled, by mandamus, to enter a judgment for costs in favor of the defendant against the plaintiff.

In *Copeland, Auditor,* v. *State, ex rel.,* 126 Ind. 51, it was held that mandamus would lie to compel the county auditor to accept and approve the official bond of a township trustee duly elected. *Board, etc.,* v. *Johnson,* 124 Ind. 145; *State, ex rel.,* v. *Board, etc.,* 124 Ind. 554; *State, ex rel.,* v. *Cooprider, Trustee,* 96 Ind. 279; *Board, etc.,* v. *State, ex rel.,* 61 Ind. 379.

The circuit court erred in sustaining the demurrer to the alternative writ of mandate.

Judgment reversed, with instructions to overrule the demurrer to the alternative writ of mandate.

Filed Jan. 3, 1893.

## ON PETITION FOR A REHEARING.

OLDS, J.—Counsel in their petition for a rehearing refer to the case of *Winfield Township, ex rel.,* v. *Wise,* 73 Ind. 71, which was cited in the original briefs, and contended that the decision in that case is in direct conflict with the opinion in this case, and that we ought to have followed it or overruled it. That case was dismissed by this court for want of jurisdiction, hence the case was never before this court for the decision of any question involved in it except the question relating to the jurisdiction of this court, and what was said in relation to

other questions was mere *dictum*, and not an adjudication of any question.

Petition for a rehearing overruled.

Filed March 11, 1893.