Bogue *v.* Murphy.

### BOGUE ET AL. *v.* MURPHY ET AL.

[No. 3,449. Filed June 19, 1900.]

APPEAL.—*Bill of Exceptions.—Mandamus.*—The determination as to what facts should be stated in a bill of exceptions invokes the exercise of a legal discretion, and is, therefore, a judicial act, and hence a superior tribunal cannot compel an inferior tribunal to say what shall go into a bill of exceptions. *p. 105.*

MANDAMUS.—*When Trial Judge Not Compelled to Sign Bill of Exceptions.*—A trial judge will not be compelled by writ of mandate from the Appellate Court to sign, or correct and sign, a bill of exceptions tendered to him, where there is a bill prepared and signed by him in the record, although the bill prepared and signed by him was not signed and filed within the time originally given by the court. *p. 105.*

From the Pulaski Circuit Court. *Application for writ of mandate overruled.*

*M. Winfield, H. A. Steis* and *M. M. Hathaway,* for appellants.

*M. W. Hopkins,* for appellees.

WILEY, J.—Appellants have, in due form, filed an application and motion for an alternative writ of mandate, to issue against the Hon. George W. Beeman, judge of the Pulaski Circuit Court, to require him to show cause, if any he has, why he does not sign a certain bill of exceptions prepared by appellants and tendered to him for signature, within the time fixed by the court for filing such bill, and, if said bill is not correct, that he be ordered to correct the same, etc. The facts upon which the motion and application rest are fully stated therein and are as follows: Appellees commenced, and were prosecuting in the court below,

Bogue *v.* Murphy.

a proceeding supplementary to execution against one Allen G. Busick, to which action appellants, as executors of the last will and testament of Joseph W. Busick, deceased, were made parties to answer as to certain funds alleged to be in their hands belonging to said Busick. Appellants appeared to said proceedings, and filed answer, and when the issues were joined the plaintiffs below moved, in writing, for judgment upon the pleadings. After the answer had been filed, and the motion for judgment on the pleadings had been entered, appellants moved for a change of venue from the presiding judge, and supported the motion by an affidavit of appellant Bogue. This motion was overruled by the court, to which ruling appellants excepted, and asked and were granted ten days in which to file their bill of exceptions. The motion for a change of venue was overruled January 24, 1900. On February 2nd, following, appellants prepared their bill of exceptions, embodying their motion and affidavit for a change of venue, the ruling thereon, and their exception, and presented it to the trial judge for signature. On the same day, the judge refused to sign the paper so presented as a bill of exceptions, but indorsed thereon the following: "And now, within the time allowed, the defendants tender this their bill of exceptions and pray that the same may be signed, sealed, and made a part of the record this 2nd day of February, 1900, and not signed as a bill of exceptions because it does not state all the facts. [Signed] Geo. W. Beeman, Judge of the Pulaski Circuit Court." The judge refusing to sign the bill as tendered him, because it did not state all the facts, and he having indorsed on the bill his reason for not signing it, and signing his name thereto, we must hold that appellants did all that the law required of them, and that the judge merely accepted the bill for correction and final signature. The motion and application show that appellants requested that the judge correct the bill, and that he thereupon wrote an amendment to it, whereupon appellants amended said bill

by adding thereto the amendment prepared by the judge, embodying the same in the original bill, and when said bill was so corrected they again presented it to him with a request that he sign it as a bill of exceptions, which he refused to sign, and gave as an excuse for not signing it that he would prepare one of his own. The motion and application further show that on the 9th of February, 1900, the said judge did prepare a bill of exceptions, embodying the motion and affidavit for a change of venue, the ruling thereon and the exception to such ruling, and took it to the clerk's office and directed the clerk to file it, which was done. This bill of exceptions prepared by the judge appears in the record, and the record shows that it was duly filed. As ten days from January 24th were given in which to prepare and file a bill of exceptions, and as the bill prepared and signed by the judge was not filed till February 9th, it is obvious that it was not filed within the time fixed by the court. It is stated in the motion, and urged in appellants' brief in support of the motion, that, as the bill tendered by appellants was not corrected or amended by the judge and filed, but a new and different bill was prepared by him and filed after the expiration of the ten days given, they are without a legal bill of exceptions, and can not present the errors complained of on appeal. The law recognizes the right to appeal, and the appealing party is entitled to have prepared and to bring to the appellate tribunal a true record, to the end that any reversible errors committed may be corrected. Section 641 Burns 1894, §629 Horner' 1897, provides that "When the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. When so filed, it shall be a part of the record; and delay of the judge in signing and filing the same shall not deprive the

party objecting of the benefit thereof. The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same." That a judge who improperly refuses to settle and sign a bill of exceptions can be required to do so by mandate is settled by the decisions in this State, but he can not be directed as to what he shall put into a bill in a case where there is a controversy as to what the bill should contain. The determination as to what facts should be stated in a bill of exceptions invokes the exercise of a legal discretion, and is, therefore, a judicial act, and hence a superior tribunal can not compel an inferior tribunal to say what shall go into a bill of exceptions. Elliott's App. Proc., §516, and authorities there cited. *Jelley* v. *Roberts,* 50 Ind. 1; High on Ex. Leg. Rem., §§199, 200, 201, 202, 203, 204.

In the bill of exceptions prepared by the judge, and which he caused to be filed, is the following statement: "And within the time allowed, to wit, February 2, 1900, the defendants tendered their bill of exceptions and prayed that the same may be signed, sealed, and made a part of the record, which was not signed as a bill of exceptions for the reason that the same did not contain all the facts, and now on this 9th day of February, 1900, this is signed and sealed and made a part of the record as the bill of exceptions in said cause." Then follows the signature of the judge.

The action of the judge in refusing to correct the bill tendered to him within the time, so that it would speak the truth, and his failure and refusal so to correct and sign the bill so tendered, and to have it filed, can not prejudice the right of appellants in their appeal. When they tendered to the judge, within the time given them, a bill which they believed embraced all the facts, or, as the statute designates it, "a proper bill", they thus discharged the duty cast upon them by the law. They had no power to compel him either to correct or sign it. The statute made it his duty to sign

it if it were true, and if it were not true it was his duty to correct it and cause it to be filed without delay. If a judge could arbitrarily refuse to sign a bill of exceptions when tendered to him, or to correct and then sign it, litigants would be at his mercy and appeals would be useless, for in a great majority of appeals questions relied upon for reversal can be presented only by bills of exceptions. While it is the history of the courts in this jurisdiction that trial judges have acted honestly and almost universally have given true bills of exceptions to the end that their rulings might fairly and honestly be reviewed on appeal, yet the legislature recognized the fact that it might be dangerous to invest judges with arbitrary power in such matters, and wisely enacted the statute above quoted to protect litigants from any possible harsh and arbitrary action of trial judges.

The bill here signed by the judge, and which appears in the record, imports absolute verity, and though it was not filed within the time given it shows that a bill was tendered within the time, and we must regard this as a corrected bill. Both by the plain language of the statute and the decided cases, the delay of the judge in signing and filing a bill of exceptions, when it has been presented to him within the time given, can not affect the rights of the parties. *Hamm* v. *Romaine,* 98 Ind. 77; *Robinson* v. *Anderson,* 106 Ind. 152; *Ohio, etc., R. Co.* v. *Casby,* 107 Ind. 32; *Vincennes Water, etc., Co.* v. *White,* 124 Ind. 376; *Wysor* v. *Johnson,* 130 Ind. 270.

Under the statute and the authorities, there is a bill of exceptions signed by the judge in the record. This bill presents the very question which appellants seek to present in the bill tendered by them, and which they ask this court to require the trial judge to sign, or, if not true, to correct and sign; and as the motion for a change of venue, the ruling thereon, and the exceptions thereto are properly in the record by the bill, the motion and application for an alternative writ of mandate is overruled.