## State, ex rel. Columbus Street Railway & Light Company, *v.* Deupree, Judge.

[No. 6,513.   Filed June 18, 1907.   Rehearing denied June 25, 1907. Transfer denied November 8, 1907.]

1. Appeal.—*Rights of.—Duty of Trial Judges.*—It is the duty of trial judges, where the proper steps are taken, to see that the parties are properly secured in their rights of appeal. p. 494.

2. Same.—*Denial of Exceptions.—Failure to Sign Bills of Exceptions.*—The trial judge's refusal to grant exceptions to parties at the trial, and to sign bills of exceptions for appeal, amount to a denial of justice, and cannot be permitted. p. 494.

3. Same.—*Bills of Exceptions.—Settling.*—The settling of a bill of exceptions is a judicial act. p. 495.

4. Same.—*Bills of Exceptions.—Settling.—Mandamus.*—Under §641 Burns 1901, §629 R. S. 1881, it is the duty of the trial judge to settle and sign bills of exceptions, though incorrect as presented, and his failure to appoint, either with or without the consent of parties, a court stenographer to report the evidence, does not justify his refusal to settle and sign such bills. p. 495.

5. Mandamus.—*Judges.—Bills of Exceptions.—Settling and Signing.*—Mandamus lies to compel a trial judge to settle and sign a tendered bill of exceptions. p. 496.

Original action by the State of Indiana, on the relation of the Columbus Street Railway & Light Company, against William E. Deupree, as judge of the Brown Circuit Court. *Judgment for the plaintiff.*   (For decision on petition to transfer, see 169 Ind. —.)

*Hord & Cox,* for the plaintiff.
*Clarence E. Custer* and *L. Ert Slack,* for respondent.

Rabb, J.—An action for damages was brought by Caroline M. Faulkner against relator, and tried in the Brown Circuit Court before the respondent, as presiding judge, and a jury, a verdict being returned therein against the relator on November 23, 1906. At the proper time the relator filed in said court its motion for a new trial of said cause, setting forth numerous reasons therefor, among others that the verdict was not sustained by the evidence, and that the court

erred in its instructions to the jury. The relator's motion for a new trial was, on February 4, 1907, overruled, and proper exceptions reserved to the ruling of the court, and ninety days given by the court to the relator within which to prepare and file bills of exceptions, and judgment was thereupon rendered against the relator on the verdict. From this judgment the relator has duly appealed to this court, and said appeal is now pending. Within the time prescribed by the court the relator presented to the respondent, for his approval and signature, a bill of exceptions purporting to contain all the evidence given upon the trial of said cause. The respondent accepted said bill of exceptions, and noted the time of its presentation to him thereon, as required by law, but refused to approve or sign the same, or to correct and sign the same, and thereupon the relator filed its petition in this court, praying for a writ of mandate to compel the respondent, as judge of said court, to sign said bill of exceptions, if he found it correct, and, if not, to correct and sign the same in aid of its appeal. Upon this petition an alternative writ was issued by this court requiring the respondent to show cause why a peremptory writ of mandate should not be issued against him in this matter. To this writ the respondent's return avers that the trial of the cause referred to was had before him and a jury, without the services of a shorthand reporter; that the relator herein waived the presence and services of such shorthand reporter to take down the evidence given in the cause; that the relator made no request upon the respondent to take notes of the evidence given in the cause; that the respondent did not take notes of the evidence; that the bill of exceptions tendered to respondent by the relator was so tendered 126 days after the trial; that it contained sixty pages of closely written evidence; that it was prepared from memory by counsel for the relator; that said bill of exceptions does not contain all the evidence given on the trial; that it does not set forth the facts correctly; that it does not set forth all the objections

of counsel, the rulings of the trial court thereon, and exceptions thereto; that it does not state said objections, rulings, and exceptions correctly, as given at the trial of the cause; that the relator has never at any time presented to respondent a bill of exceptions correctly setting forth the evidence given, and the objections, exceptions, and rulings of the court made at the trial; that respondent believes that he cannot from memory correct the bill of exceptions so tendered without working injustice to one or the other of the parties to the action. There is no claim but that the bill of exceptions presented to the judge for his signature was so made out and presented by the relator in perfect good faith, or that a correct bill has ever been signed and filed in the case. No particulars are set forth as to the testimony of any witness or any item of evidence that is omitted from the bill of exceptions presented by the relator, or that had been incorrectly set forth therein.

The rights of parties litigant to have their causes tried and determined in the courts of last resort, where the cases are within the jurisdiction of the court, is a right as valu-

1.   able and as sacred to the citizen as the right to be heard in court at all; and, in all cases tried in the lower courts that are appealable to the courts of last resort, it is one of the most important duties of the judge presiding at the trial to see that this right of appeal, where the proper steps have been taken, is properly secured to the party entitled to the same. The judge of the lower court who in any way would throw obstacles in the way of appeals from his decisions, or in any manner embarrass the parties entitled to such appeals by neglecting to perform his duty, would, to say the least, be guilty of gross impropriety.

Properly to present questions for the decision of the courts of last resort, it is generally necessary that bills of exceptions be made a part of the record. It very frequent-

2.   ly occurs that all the questions the appellant seeks to present arise upon rulings of the court on the admis-

sion of evidence, or refusal to admit evidence, upon instructions to the jury, or refusals to instruct the jury, and that can only be presented by proper bills of exceptions. They come into the record in no other way, and where a party is entitled to file a bill of exceptions in a given cause, setting forth the rulings of the court that are sought to be presented to the courts of last resort for their consideration and decision, the denial of the exceptions by the court, or the refusal to sign the bill of exceptions, amounts to a denial of his right to appeal. It amounts to a denial of justice to a party litigant. The statute of this State expressly imposes upon the trial judge the duty of settling and signing the bill of

3. exceptions. The duty of settling the bill of exceptions, determining what it shall contain, is a judicial duty, and a judge may not be compelled to perform that duty in one way or another. He may not, however, arbitrarily refuse to act in the matter. It is his duty to decide what shall go in the bill, and he can be required, in a proper proceeding, to perform that duty. He cannot, of course, be required to sign a particular bill of exceptions, but he can be required to act, and, having determined what is a proper bill of exceptions, the signature to the bill is a mere administrative act, and the judge can be compelled by mandate to perform that act.

Section 641 Burns 1901, §629 R. S. 1881, provides: "When the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within

4. such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause. If not true the judge shall *correct,* sign, and cause it to be filed without delay." This statute, by its very terms, clearly contemplates that bills of exceptions that are not correct, may be presented to the judge of the trial court, and when they are so presented the duty is imposed upon him to correct said bills. In the case under consideration, it is not pretend-

ed that a proper bill of exceptions was not presented to the judge, and that it was not presented in good faith. It was presented within the time fixed by the judge himself for the presentation of the bill of exceptions, and when so presented it cannot be charged that the relator was guilty of laches. The law does not require that cases tried in court shall be reported by a shorthand reporter. The court has the power and authority to appoint a shorthand reporter, but the rights of the parties are not to be affected because the court, either with or without the acquiescence of the parties to the suit, fails to appoint such shorthand reporter. Nor are the rights of the parties to be denied because the judge was not requested to make a memorandum of the evidence as it was given. Parties might have requested the judge to make such memorandum, but their failure to do so does not affect their right of appeal, or their right to have a proper bill of exceptions signed by the judge, nor relieve the judge from the duty of settling what the bill of exceptions should contain, if there be any controversy on the subject. *Bogue* v. *Murphy* (1901), 25 Ind. App. 102; *Tipton Heat, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348.

Upon the case made by the writ and return thereto we think it clearly the duty of the respondent to correct the bill of exceptions presented to him by the relator, so that it will correctly present the evidence as he understands it, and properly sign the bill and duly make it a part of the record in the cause.

Peremptory writ of mandate is ordered, commanding the respondent to correct the bill of exceptions presented to him, as set forth in the alternative writ issued herein, and sign the same.