# TOWN OF SHERIDAN ET AL. *v.* STATE OF INDIANA, EX REL. ROTHSCHILD.

[No. 22,455. Filed November 24, 1914.]

1. MANDAMUS.—*Complaint.—Sufficiency.*—Under §1224 Burns 1914, Acts 1911 p. 541, a complaint for mandamus, like any other complaint in a civil action, will withstand a demurrer if the facts pleaded show the relator entitled to°any mandatory relief. p. 499.

2. MANDAMUS.—*Action to Compel Municipal Tax Levy.—Complaint.*—A complaint to mandate a town to levy a tax to raise money for the payment of a judgment against it alleging that

the town had money on hand to pay, but that it refused to do so on demand, and refused to make a levy for that purpose, was not objectionable on the ground that the time had not yet arrived for the making of the tax levy. p. 499.

3. APPEAL.—*Review.*—*Moot Questions.*—Where a complaint to mandate a town to pay a judgment existing against it in favor of the relator, alleged that the town had no property subject to execution, and the court so found, the question of defendant's right to appeal without bond from the judgment which relator was seeking to collect, as well as whether such an appeal would stay execution, were purely moot questions, since the object of such bond is to stay execution, and, there being no property subject to execution, no question of staying execution was involved. p. 500.

4. MANDAMUS.—*Action to Compel Payment of Judgment.*—*Appeal.* —*Review.*—*Reversal.*—Where, pending an appeal from an order mandating a town to pay a judgment against it in favor of relator, the latter judgment was reversed on an appeal taken by the town, a reversal of the judgment in the mandamus proceeding must necessarily follow. p. 501.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the State of Indiana on the relation of Henry Rothschild, against the Town of Sheridan and others. From a judgment for relator, the defendants appeal. *Reversed.*

*George W. Osborn* and *M. E. Bash,* for appellants.
*Wilson & Wilson,* for appellee.

MYERS, J.—Action by appellee, by complaint filed June 13, 1912, against the town of Sheridan and its board of trustees by their individual names as such trustees, and the treasurer of the town, to compel them to pay a judgment which appellee had recovered against the town, from which it is alleged there had been no appeal, and which had not been paid, alleging that the town had on hand money sufficient to pay the judgment, and had refused to pay on demand, and that it had no property, and in the prayer asking an order for payment, or in the alternative, if it had not sufficient on hand to pay the judgment, that the trustees be required at the next annual tax levying period, to levy a

tax sufficient to pay the judgment. Demurrers to the complaint were overruled, and answer in general denial, and also a special paragraph setting up the fact that an appeal had been perfected, and was being prosecuted in good faith in this court (*Town of Sheridan* v. *Rothschild* [1914], 181 Ind. 405), as appellant town had the right, without giving bond, as a city of the fifth class, or town, under the act of March 8, 1909. Acts 1909 p. 312, §8692 Burns 1914.

The errors assigned and not waived are in overruling the demurrers to the complaint, and in overruling the motion for a new trial. As to the complaint, the point made

1. against it by the memorandum accompanying the demurrers is that the prayer, or demand of the complaint is in the alternative, and that it demands more than relator is entitled to. Since the act of 1911 (Acts 1911 p. 541, §1224 Burns 1914), a complaint for mandamus like any other complaint in a civil action, will withstand a demurrer if the facts pleaded show the relator entitled to any mandatory relief. *State, ex rel.* v. *Board of Finance, etc.* (1914), 181 Ind. 365, 104 N. E. 756. Another ground of objection is, that it is not alleged that the town had any funds with which to pay. In this appellants are in error. It is specifically alleged. It is next pointed out in the demur-

2. rers that appellant town could not have been required to levy a tax, because the time for levying had not yet arrived within which plaintiff was entitled to demand that a levy be made. The answer to this is, that it is alleged that the town has the money on hand to pay, but refuses to do so on demand, which was sufficient to repel the demurrer. True, the time for making the levy had not arrived, but we see no reason why the town could not announce its refusal in advance of the time for fixing the levy, for the reason that if plaintiff was compelled after its announcement that it would not pay or make the levy, to wait until the time for making the succeeding annual tax levy, to see

whether it intended to make its announcement good, by refusing the levy, plaintiff's action would then be ripe, but the refusal was sufficient.

There was a special finding of facts, conclusions of law stated, and over motion for a new trial judgment that appellant pay the judgment so far as its funds would permit, and to include any unpaid balance in a tax levy sufficient to pay such balance.

The real question sought to be presented in the case as the basis for the judgment is, whether an appeal is taken without a bond being filed, and the sole ground on 3. which the judgment below ordering payment or the levy of a tax is based, is that the failure to file an appeal bond, did not stay proceedings, and that they were not entitled to appeal without a bond. As to the last proposition it is manifest that the court confused the right to prosecute an appeal, with the question of the stay of execution, two wholly distinct matters. As to the first proposition, it is alleged in the complaint, and the court found, that appellant town had no property subject to execution, so that the question whether execution could be, or was stayed by an appeal without filing a bond, was a moot one, in which by his own showing, appellee could not be interested. As to the other proposition, whether the statute (§8692 Burns 1914, Acts 1909 p. 312), providing for appeals by cities, without filing bond, applies to towns, that was also a moot question as to appellee, because he shows that there was no property on which he could levy, if he was entitled to execution, and hence no question of staying execution was involved, and as to the appeal, an appeal may be prosecuted in any case where an appeal is allowable, without filing bond, except in those cases where bond is specifically required as a condition of appeal. In other words, an ordinary appeal is not affected one way or the other by the fact that a bond is not filed, the object of the filing of which is only to stay execution. However, an appeal was prose-

cuted to effect by appellants, without any suggestion on the part of appellee that it was not properly taken, and without any motion to dismiss it, and the result of that appeal was the reversal of the judgment which appellee by this proceeding seeks to have paid, so that wholly aside from the question of the appeal bond, there is now no judgment on which the order in this case can operate, and the judgment must necessarily be reversed, and it is so ordered, with instructions to the court below to grant a new trial.

NOTE.—Reported in 106 N. E. 878. As to the performance of what duties may be compelled my mandamus, see 125 Am. St. 492. See, also, under (1) 26 Cyc. 466; (2) 26 Cyc. 322; (3) 3 Cyc. 403; (4) 26 Cyc. 508.