STATE OF INDIANA, EX REL. WYMAN ET AL. *v.* HALL ET AL., BOARD OF COMMISSIONERS.

[No. 23,611. Filed June 28, 1921. Rehearing denied October 27, 1921.]

1. MANDAMUS.—*Alternative Writs.—Complaint.—Sufficiency.— Showing of Right to Relief.*—Under §1224 Burns' Supp. 1918, Acts 1915 p. 207 alternative writs of mandate have been abolished so far as actions in circuit courts are concerned, and if a complaint in such an action alleges facts which show that plaintiff is entitled to any relief at all, it is sufficient to withstand a demurrer. p. 275.

2. HIGHWAYS.—*Establishment.—Order of Board Dismissing Viewer's Report and Continuing Cause.—Validity.*—In a proceeding to establish a highway, the action of the board of county commissioners in ordering the report of the viewers dismissed and continuing the cause, *held* improper. p. 276.

3. MANDAMUS.—*Acts by Judicial Officer.—Right to Writ.*—A judge or a court may be compelled by mandamus to proceed in a cause by doing a certain act, when the matter has advanced so far that the law definitely fixes and determines the next step to be taken in the proceeding. p. 276.

4. MANDAMUS. — *Ministerial Acts. — Enforcement. — Right to Writ.—Demand and Refusal.*—Generally when the law imposes on any officer the duty to do a ministerial act under a given state of facts, mandamus will lie to compel the doing of that act upon allegation and proof that the required state of facts exists, and that upon proper and timely demand performance has been refused. p. 277.

5. MANDAMUS. — *Discretionary Acts. — Rights to Writ.* — The courts will not control by mandamus a discretion vested in an officer or board as to the kind of action to be taken, even where the making of a decision and entry of an order of some kind is commanded. p. 278.

State, ex rel. *v.* Hall—191 Ind. 271.

6. MANDAMUS.—*Highway Proceedings.—Right to Writ to Compel Board to Proceed after Viewers' Report.*—In view of §7650 Burns 1914, Acts 1913 p. 679, §§7651-7654 Burns 1914, Acts 1905 p. 521, and §§7657, 7658. Burns 1914, Acts 1905 p. 521, conferring the powers upon, and defining the duties of, the board of commissioners upon the return of a viewers' report in a proceeding to locate and establish a highway, after the board of commissioners has appointed viewers in such a proceeding upon a proper petition and due notice, and after a majority of the viewers have reported that the proposed new highway will be of public utility, the board is required by law to go forward from that point by entertaining and acting upon remonstrances, if any are filed, and proceeding to the entry of a final judgment, either establishing the new highway and ordering it opened or dismissing the petition so that an appeal might be taken, and the performance of such requirement or duty may be enforced by mandamus, as it is not discretionary. pp. 278, 280.

7. COUNTIES. — *Board of Commissioners. — Jurisdiction.* — The board of county commissioners is a tribunal of limited jurisdiction whose powers and duties are strictly limited by statute, and it has no power to do otherwise than as the statute directs. p. 280.

8. MANDAMUS.—*Action of Board of Commissioners in Highway Proceeding.—Right to Writ.—Judicial Duties.*—While a writ of mandamus will not issue directing the performance of a judicial duty by the board of county commissioners in any particular manner, or the rendition of any particular judgment, yet, if the board refuses to act at all, in a matter upon which it is its duty to take some action, the writ will issue to compel action, but will not dictate the kind of judgment to be rendered. p. 281.

9. MANDAMUS. — *Adequacy of Legal Remedy. — Highway Proceedings. — Continuance by Board of Commissioners after Viewers' Report.—Right to Writ to Compel Performance of Duty.*—In a proceeding to establish a highway, where the board of county commissioners dismissed the report of the viewers and continued the cause until a future term, the remedy afforded petitioners by awaiting the result of the action to be taken at future sessions of the board until, at its convenience, it might choose to enter a final judgment, and, if dissatisfied, to appeal from the judgment, was not adequate, in the sens? in which that term is used in the rule that mandamus will not lie where the applicant for the writ has an adequate legal remedy. p. 281.

From Washington Circuit Court; *James L. Tucker,* Judge.

Action by the State of Indiana, on the relation of Charles E. Wyman and others, against James S. Hall and others, as the board of commissioners of the county of Washington. From a judgment for defendants, the relator appeals. *Reversed.*

*Oscar Ratts* and *Elliott & Houston,* for appellants.

*Wilber W. Hottel* and *Walter G. Mead,* for appellees.

EWBANK, J.—This was an action of mandamus by the appellants to compel the appellees, as constituting the board of commissioners of Washington county, Indiana, to approve the report of the viewers in a proceeding to locate and establish a new highway, and to proceed in the matter, and as an incident thereof, to set aside and disregard an order entered by them as such board, purporting to dismiss the report of the viewers, after they had filed a report finding that the proposed highway would be of public utility, which order sought to be set aside also purported to continue the highway proceeding to a later term "for proof on petition and posting." A demurrer to the complaint, as failing to state facts sufficient to constitute a cause of action, was sustained by the circuit court, and appellants excepted, and upon their refusal to plead over or amend, final judgment was rendered against them, from which this appeal was duly perfected. Sustaining the demurrer to the complaint is the only error assigned.

The complaint was in a single paragraph. Besides the formal averments as to the official position of the appellees, and the qualifications of the relators as petitioners for the highway in question, the complaint alleged facts which may be epitomized as follows: That a sufficient number of properly qualified petitioners, in-

cluding the relators, filed with the board of commissioners a proper petition to locate and establish a certain new highway, one-half mile long, in Jackson township of Washington county; that due notice of such filing was given for the required time, and a proper affidavit showing that this had been so done, together with a copy of the notice, was filed in the office of the county auditor of said county on April 1, 1918; that at its April session the board of commissioners heard evidence, and found that such notice was duly given as provided by law, and that the petition was filed by twelve petitioners who were resident free holders and legal voters of said township and county, six of whom resided in the immediate neighborhood of the proposed new highway; and thereupon said board appointed three persons (naming them) as viewers for said proposed new highway, and they were directed to proceed to view the same and to determine whether it would be of public utility, and to do such other acts as by the law directed, and to report their proceedings to said board of commissioners at its regular May term, 1918; that pursuant to such appointment the viewers did view, mark and lay out the proposed new highway, and at the regular May term, 1918, of said board, they filed their report in writing with the board, attached to the official order certifying their appointment and directing them what to do, under the hand and seal of the county auditor, and a copy of their official oath, subscribed by them and attested by said auditor; that this report stated that they had discharged their duty and viewed the proposed highway, as described, and were of the opinion that said proposed highway would be of public utility, which statement was signed by two of the three viewers; and immediately below was the statement that "I am of the opinion that said proposed highway would not be of public utility," which statement was signed by the third viewer;

that after said report was filed, one who was not a party to the record, and who owned no land affected by the proposed new highway, appeared by attorney and made an oral motion to dismiss the report of the viewers, the petition, and the entire proceeding, because the costs of a former proceeding to open a highway on the same route, which costs are alleged to have been paid before such motion was made, had not been paid before the board of commissioners acted on the petition and appointed the viewers; that the board thereupon made an entry in its record reciting that said motion was made, and the alleged reason on which it was based, and that "the board after being sufficiently advised, overruled that part of motion to dismiss petition, but sustain that part to dismiss the report of viewers and said report of viewers is now dismissed and said cause is now continued until June term of this court for proof on petition and posting." That thereafter, at the June term, 1918, the relators filed with the appellee board of commissioners their motion in writing, asking to set aside and expunge from the record said entry and order purporting to dismiss the report of the viewers, and further demanding that the board approve said report, and thereafter take such steps as the law should direct in the premises, but the board overruled said motion and refused to comply with the demand. The prayer for relief asked that the appellee board of commissioners be required to set aside the said order, and to reinstate and approve the report of the viewers, "and to take such further steps as they shall be by law required to do."

Alternative writs of mandate have been abolished, so far as actions in the circuit court are concerned. Acts 1915 p. 207, §1224 Burns' Supp. 1918. And if

1. a complaint in such an action alleges facts which show the plaintiff entitled to any relief at all, it

is sufficient to withstand a demurrer. *State, ex rel.* v. *Board of Finance, etc.* (1914), 181 Ind. 365, 373, 104 N. E. 756; *Town of Sheridan* v. *State, ex rel.* (1914), 182 Ind. 497, 499, 106 N. E. 878.

The appellees do not contend that the order made by the board of commissioners, of which appellants complain, was a proper one, and under the authori-

2. ties it should not have been made. *McKaig* v. *Jordan* (1909), 172 Ind. 84, 86, 87, 87 N. E. 974; *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 154, 89 N. E. 871; *O'Toole* v. *Tudor* (1910), 175 Ind. 227, 233, 93 N. E. 276; *Bland* v. *Cassaday* (1913), 181 Ind. 36, 41, 102 N. E. 853.

Appellees insist, however, that the appellants have mistaken their remedy. And it is urged that they should have pursued the action to final judgment in the commissioner's court, and if that judgment was against them they should have taken an appeal. And in this connection appellees further contend that the acts which it is sought to compel the board of commissioners to perform are judicial in character, and that mandamus will not lie to control an exercise of discretion in the performance of a judicial act. This raises the question whether the filing of a report by the viewers that the proposed new highway would be of public utility presented an issue for decision by the board of commissioners, in the exercise of their judicial powers as a court, or imposed upon them a definite, positive duty to do certain acts, as fixed and determined by law. For

3. the authorities hold that even a judge or a court may be compelled by mandamus to proceed in a cause by doing a certain act, when the matter has advanced so far that the law definitely fixes and determines what shall be done next. *State, ex rel.* v. *Engle* (1891), 127 Ind. 457, 26 N. E. 1077; *Coats* v. *State, ex rel.* (1892), 133 Ind. 36, 32 N. E. 737; *State, ex rel.* v.

*Porter* (1893), 134 Ind. 63, 32 N. E. 1021; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654, 88 N. E. 299; *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971; *State, ex rel.* v. *Deupree* (1907), 40 Ind. App. 492, 81 N. E. 678.

Thus a justice of the peace may be mandated to enter judgment on a verdict or finding, duly made, where the law gives him no power to grant a new trial, *Moore* v. *State, ex rel.* (1880), 72 Ind. 358, 360, or where the time within which a new trial might have been granted (§1778 Burns 1914, §1487 R. S. 1881) has elapsed; *State, ex rel.* v. *Engle, supra; State, ex rel.* v. *Porter, supra,* or he may be compelled by mandamus to approve a sufficient appeal bond, if duly tendered after final judgment, within the time allowed, and to grant an appeal. *Coats* v. *State, ex rel., supra; Meek* v. *State, ex rel., supra.*

Even the judge of a circuit or superior court may be compelled by mandamus to proceed in a cause by performing the duties imposed by law whenever those duties are clearly defined and the acts to be done are specifically commanded, *Collins* v. *Laybold, supra,* such as signing a bill of exceptions, duly prepared and presented within the time allowed by the court, *State, ex rel.* v. *Deupree, supra,* or entering a designated judgment upon making a finding where the law has prescribed just what the judgment shall be. *State, ex rel.* v. *Beal* (1916), 185 Ind. 192, 203, 113 N. E. 225. And generally, when the law imposes on any officer

4. the duty to do a ministerial act under a given state of facts, mandamus will lie to compel the doing of that act upon allegation and proof that the required state of facts exists, and that upon proper and timely demand he has refused to do it. *Recher* v. *State, ex rel.* (1914), 182 Ind. 301, 106 N. E. 355; *Sell* v. *State, ex rel.* (1919), 188 Ind. 671, 125 N. E. 402; *Public Service Commission* v. *State, ex rel.* (1916), 184 Ind. 273,

278, 111 N. E. 10. It has been expressly decided that mandamus will lie to compel the opening of a new highway after a proper order has been made by the board of commissioners and transmitted to the officer charged with the duty of opening it. *Welch* v. *State* (1905), 164 Ind. 104, 107, 72 N. E. 1043.

But the courts will not control by mandamus a discretion vested in an officer or board as to the kind of action to be taken even where the making of a decision and entry of an order of some kind is commanded. *State, ex rel.* v. *Miles* (1894), 138 Ind. 692, 38 N. E. 400; *Board, etc.* v. *State, ex rel.* (1920), 189 Ind. 540, 128 N. E. 596; *Smith* v. *State, ex rel.* (1918), 187 Ind. 594, 120 N. E. 660.

The question arises whether after the board of commissioners had appointed viewers in a proceeding to locate and establish a new highway upon a proper petition and due notice, and after a majority of the viewers had reported that the proposed new highway, on the line petitioned for, would be of public utility, such board had power, in its discretion, to do something else than to go forward from that stage of the proceeding to a final judgment of some kind, or whether it was required by law to go forward from that point by entertaining and acting upon remonstrances, if any were filed, and proceeding to the entry of a final judgment, either establishing the new highway and ordering it opened or dismissing the petition, so that an appeal might be taken.

The statutes which confer the powers upon and define the duties of the board of commissioners upon the return of such a report by the viewers in a proceeding of this character read as follows:

"* * * Such viewers, * * * shall proceed to view the highway to be located * * *; and if they shall deem such location, * * * to be of public

utility, they shall, in case of a new highway * * * proceed to lay out and mark the same * * *." §7650 Burns 1914, Acts 1913 p. 679.

"Such viewers, or a majority of them, shall make a report of their proceedings at the ensuing session of the board of commissioners, giving a full description of such location," etc. §7651 Burns 1914, Acts 1905 p. 521, §3.

"If no objection be made to such proposed highway, * * *, such board shall cause a record thereof to be made, and, in case of such location * * *, shall order the highway to be opened and kept in repair, * * *" §7652 Burns 1914, Acts 1905 p. 521, §4.

"If any person through whose land such highway * * * may pass shall feel aggrieved by reason of such location, * * * such person may, * * *, set forth such grievances by way of remonstrance * * *; and the said board shall thereupon appoint three disinterested freeholders of the county as reviewers * * *." §7653 Burns 1914, Acts 1905 p. 521, §5.

"Such reviewers shall * * *, proceed to review the proposed highway and assess the damages, if any, which such remonstrator may sustain from such highway being opened * * * * through his lands, and shall report the same to the ensuing session of such board." §7654 Burns 1914, Acts 1905 p. 521, §6.

"If any freeholder of, and residing in, such county shall remonstrate against the proposed highway * * *, as not being of public utility, other reviewers may be appointed, who shall, * * * make report to such board at its next session, whether, in their opinion, the said highway * * * will be of public utility; * * *." §7657 Burns 1914, Acts 1905 p. 521, §9.

"If a majority of the reviewers last named report

against the public utility of such highway,    *    *    * the petition shall be dismissed; but if they report favorably thereto,    *    *    * the, highway shall be recorded and ordered to be opened and kept in repair; *Provided,"* etc. §7658 Burns 1914, Acts 1905 p. 521, §10.

"Authority is granted to appoint reviewers in two cases, and those cases are especially provided for by sections 19 and 23 (§§7653, 7657 Burns 1914) of the highway law.    *    *    * There are, therefore, but two cases in which authority to set aside the report of the viewers is conferred, and applying the familiar maxim, *'Expressio unius est exclusio alterius,'* we must hold that there are no others in which it can be implied.    *    *    * Many considerations combine in requiring us to hold that the report of the viewers is in all cases to be given effect,    *    *    * the commissioners must take some action upon it; some judgment must be pronounced.    *    *    * The report of the viewers must be held to stand in the same relation to the board of commissioners as the verdict of the jury to the court, and it is the duty of the commissioners to pronounce judgment upon it, except in the cases where the statute provides differently." *Doctor* v. *Hartman* (1881), 74 Ind. 221.

The board of commissioners is a tribunal of limited jurisdiction whose powers and duties are strictly limited by statute, and it has no power to do otherwise than as the statute directs. *Doctor* v. *Hartman, supra; Helms* v. *Bell* (1900), 155 Ind. 502, 58 N. E. 707; *Kemp* v. *Adams* (1905), 164 Ind. 258, 73 N. E. 590.

The order assuming to set aside the report of the viewers and their appointment, under the circumstances alleged in the complaint, was without authority and void, and it was the duty of the board to proceed as if that order had never been made.

The performance or refusal to perform that duty was not a mere matter of discretion, but was as positive and absolute as the duty of a justice of the peace to render judgment on the verdict or finding unless a new trial is granted.

It is true that mandamus will not lie to direct the board of commissioners just what action shall be taken following the report of the viewers, because that 8. must depend upon facts as to the filing of remonstrances, and the qualifications of the remonstrators to oppose the highway proceeding, and may involve an exercise of judicial discretion to determine questions thereby presented. But while a writ of mandamus will not issue directing the performance of a judicial duty by the board of commissioners in any particular manner, or the rendition of any particular judgment, yet, if the board refuses to act at all, in a matter upon which it is its duty to take some action, the writ will issue to compel action, but will not dictate the kind of judgment to be rendered. *State, ex rel.* v. *Board* (1892), 131 Ind. 90, 30 N. E. 892; *Gregg* v. *State, ex rel.* (1898), 151 Ind. 241, 51 N. E. 359.

The remedy afforded by awaiting the result of action to be taken at future sessions of the board of commissioners until, at its convenience, it might choose 9. to enter a final judgment, and, if dissatisfied, to appeal from the judgment, was not "adequate," in the sense in which that term is used in the rule of law that mandamus will not lie where the party applying for the writ has an adequate legal remedy.

The complaint stated facts upon which, if established, the appellants would be entitled to a judgment commanding the board of commissioners to proceed in the matter of the proposed new highway from the filing of the viewers' report, and was therefore sufficient to withstand a demurrer.

The judgment is reversed, with costs, and the circuit court is directed to overrule the demurrer to appellants' complaint.