SECRIST ET AL. *v.* STATE OF INDIANA, EX REL. GASH.

[No. 25,849. Filed October 10, 1930. Rehearing denied December 19, 1930.]

308

*Ralph K. Lowder, E. F. Branch* and *Richard L. Ewbank,* for appellants.

*Elliott, Weyl & Jewett* and *McNutt & McNutt,* for appellee.

MYERS, J.—Action by the State on relation of the trustee named of Adams School and Adams Civil Township, Morgan County, to compel the Advisory Board, individually named, "of said township," as such members, to meet with the trustee and authorize him to

borrow money on the credit of the school and civil township. Trial and judgment that the advisory board meet with the trustee on a date fixed and authorize the issue and sale of bonds to the amount of $26,650 of the school township, and $24,000 of the civil township; that they appropriate from the moneys now on hand and unappropriated and from the moneys to be realized from the sale of the aforesaid bonds $55,243 for the building of a new combined elementary and high school at Eminence in Adams Township, $2,762 for architects' fees, $1,000 for equipment of the building and $250 for advertising and other incidental expenses; that, when called upon so to do by relator, the members of the advisory board shall meet with him to consider bids, let and execute contracts, and do all other things necessary to be done in the matter of constructing and equipping a combined elementary and high-school building at Eminence.

A demurrer to the complaint for want of facts was overruled, and this ruling, by reason of the state of the record before us, is the only one for review. The injury of counsel for appellants in an automobile accident, and a trip to California by the official reporter, making it impossible to obtain a transcript of the shorthand notes of the evidence, are stated as reasons for not bringing up the evidence essential to a consideration of other alleged errors.

Briefly stated, the principal allegations of the complaint show that Adams Township is the owner of a tract of ground at Eminence in the southern part of the township, on which, prior to the fire, April 17, 1928, but not since then, there existed a building in which the township maintained an elementary and high school; that, at the time of filing the complaint herein, there were 52 high-school students residing in Adams Township and 28 students transferred from other townships, 80 grade students in the township and eight grade students resid-

ing in adjoining townships who attended school at that point; that the trustee has selected the site of the old building as the proper location for the proposed new building and his judgment in that respect stands without modification or change; that an indispensable necessity exists for the construction and equipment of a new building at the old location for the purposes mentioned, the cost of which will "be in excess of the sum available therefor out of any annual levy and in excess of any fund now on hands"; that the needs of the community served by that school will require a building costing $55,243, and that the trustee has on hands from the revenues of the township a sum sufficient to furnish and equip a new building, "but, in order to pay for the construction thereof, it will be necessary to borrow, by bond issue or otherwise, and to have appropriated, the sum of approximately $50,650''; that in order to furnish, equip and pay the expenses incidental to said work, "it will be necessary to have appropriated and to expend a further sum to be determined by the court upon hearing"; that the net valuation of taxable property within the township, as shown by the last assessment for state and county taxes, is $1,132,835, with no outstanding indebtedness against either the school or civil township; that, at a special meeting of the advisory board April 17, 1928, the board found that "an emergency existed, and that it was indispensably necessary to provide funds for the construction of a new grade and high school at Eminence," which finding was made a matter of record and duly signed as a part of that day's proceedings of the board, and, on May 26, 1928, the board unanimously found "that an emergency did exist for the appropriation of sufficient money to construct said school building, and that it would be necessary to appropriate the sum of $52,000 for the construction thereof," and that $28,000 thereof should be paid by Adams School Township and $24,000

by the civil township, and bonds of the respective townships should be issued and sold to raise that amount of money. At the same time, the size of the bonds, time to run and interest rate were determined, and all of such actions, together with adjournment to meet on June 16, 1928 for final action, and notice ordered given the taxpayers of the township of this meeting and purpose thereof, recorded and signed by the members of the board as a part of its minutes; that the members of the board met pursuant to said notice, but, by a vote of two to one, further action regarding the appropriation and bond issue was postponed without day; that, upon appeal to the State Board of Tax Commissioners, a bond issue of $26,650 of the school township and $24,000 of the civil township was authorized; that thereafter, the trustee gave due notice to the taxpayers of Adams Township that on August 14, 1928, at the hour of two o'clock p. m., the advisory board would meet with the trustee at his office to consider appropriations for the construction and furnishing of said schoolhouse, and for the payment of other expenses incidental to such work; that two of the advisory board members failed and refused to attend this last meeting and refused to make any appropriation or to authorize the borrowing of any money for the purpose of rebuilding and furnishing a schoolhouse at the point mentioned, or for the payment of architect's fees, costs of advertising, and other necessary and proper expenses in connection therewith; that there exists but one schoolhouse, located in the northeastern part of the township, about seven miles from the village of Eminence, and is fit for and used only for an elementary school and is not of sufficient capacity to accommodate any of the resident high-school pupils entitled to attend school in the township, or any elementary pupils who are attending school in temporary quarters at Eminence.

In the instant case, we are not concerned with any

question involving the duties, powers and limitations of a township trustee or township advisory board not expressly governed by statute. At this point, it may be well that we refer to certain statutory provisions which we regard as specially pertinent to the rights of the parties to this action.

Acts 1920 (Spec. Sess.) p. 55, §1, §6860 Burns 1926, provides: "That when any township in this state in which any school building . . . shall have been destroyed by fire . . . shall desire to erect a new school building . . . to accommodate the pupils of school age resident within such township, and provide for their education either in the common or high school branches of study; and when the indebtedness necessarily incurred in erecting such school building . . . will be in excess of the two per cent constitutional debt limit of such school township, the trustee and advisory board of such township may proceed, in the manner hereafter provided, to borrow the money necessary to erect such school building . . . and to issue the bonds of such school township and civil township, respectively, in any amount sufficient to defray the expense of erecting such school building . . . not exceeding in the aggregate the two per cent constitutional debt limit of each said school township and said civil township."

Acts 1917 p. 684, §2, §6861 Burns 1926, authorizes a township trustee to call a meeting of the advisory board, and if a quorum be present, a majority of those present may "declare that an emergency exists for the borrowing of money by, and the issuance of the bonds of, such school and civil township" for the purpose of erecting a school building.

Acts 1921 p. 310, §1, §6862 Burns 1926, provides that: "In the event that such emergency shall be declared to exist, such advisory board shall authorize such trustee, by special order, entered and signed upon the record, to

borrow a sum of money to be named, sufficient to defray the expenses of . . . erecting such school building. . . . Such advisory board shall in like manner authorize such trustee to issue the bonds of such school township and of such civil township in such amounts and in such denominations as may be necessary to secure the money borrowed to defray the expenses hereinbefore provided for." And §4 of the 1917 act, *supra*, §6863 Burns 1926, makes it the duty of the trustee to borrow the amount of money named by such advisory board in such proportionate amounts as the advisory board may determine, not exceeding the constitutional limit of each township.

Appellants make the point that unless the word "shall" be construed as used in the sense of "may" in §6862, *supra*, the statute, §6861, *supra*, giving the advisory board power to borrow money on the credit of the civil township for school purposes, would be in violation of Art. 13, Constitution of Indiana. It will be noticed that §6861, *supra*, is the section which gives the board discretion to use or not the credit of the civil township "for the purpose of purchasing grounds and erecting a school building or school buildings." The building or buildings thus referred to must be within the class to which §6860, *supra*, refers. In the instant case, the board exercised its discretion and determined that an emergency existed for the erection of a school building and for the borrowing of money on the credit of both the school and civil townships. Having exercised that discretion, and having found the necessity or emergency to exist, it then became the duty of the advisory board to authorize the trustee to borrow the money and to issue the bonds of both townships "in such amounts and in such denominations as may be necessary to secure the money borrowed to defray the expenses" of the improvement in the discretion of the board authorized. The point thus raised by appellants has been decided by this

court in the case of *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 144 N. E. 867, against their contention.

The township trustee controls all of the school property of his township except congressional township school lands. He selects schoolhouse sites, but the appropriation of money with which to pay for the same, as well as funds essential to erect a school building thereon and to pay for its equipment, the method of raising school revenue and its expenditure generally, the statute refers to the advisory board acting in conjunction with the trustee in an advisory capacity. In the management of the financial affairs of the township, civil and school, the power of the board is limited only to the extent that the trustee may not be arbitrarily defeated in the full performance of his official duty required by law. *Gruber, Trustee,* v. *State, ex rel.* (1925), 196 Ind. 436, 148 N. E. 481. The practical effect of the law is to impose upon the township trustee and the township advisory board the duty of making reasonable provision for a general system of education agreeable with the needs and ability of the school township, and to this end to use the credit of the civil township, under certain conditions, to furnish school facilities. Both the trustee and the board are thus obligated to the public, and their action in this respect is of a governmental character and necessarily requires the exercise of discretion and judgment.

In the instant case, the remedy sought is an extraordinary one. It has been termed "a criminal process relative to civil rights." It is limited in a case like the one at bar to compel officers to perform acts which the law specifically enjoins, or to compel those charged with certain legal duties to act, but it cannot be used to control discretionary power in a particular manner. *Board, etc.,* v. *State, ex rel.* (1920), 189 Ind. 540, 128 N. E. 596; *State, ex rel.,* v. *Board, etc.*

(1907), 170 Ind. 133, 138, 83 N. E. 83; *State, ex rel.,* v. *Board, etc.* (1890), 125 Ind. 247, 25 N. E. 286; *Holliday* v. *Henderson, Auditor* (1879), 67 Ind. 103; *Burnet* v. *Trustees, etc.* (1875), 50 Ind. 251.   In view of this principle, it is said that the relief demanded by appellee in his complaint exceeded the power of the court to grant, and, for that reason, the complaint would be insufficient to repel the demurrer.   This insistence cannot be sustained, for the reason that, under the recent holdings of this court, if the applicant, under the pleaded facts, was entitled to some mandatory relief, the complaint would be good.   *State, ex rel.,* v. *Board of Finance, etc.* (1914), 181 Ind. 365, 104 N. E. 756; *Town of Sheridan* v. *State, ex rel.* (1914), 182 Ind. 497, 106 N. E. 878.

According to the allegations of the complaint at bar, the trustee and the advisory board, prior to the commencement of this action, had exercised their discretion and judgment favorable to the building and equipping of a new schoolhouse on the site of the old building.   They had determined the amount of money necessary to complete the project, and the manner of obtaining it.   They had apparently completed all of the steps the statute requires, other than such action which at most may be considered as ministerial, and duties required of them as a matter of law.   Under such circumstances, the board cannot, in effect, as charged in the complaint, arbitrarily refuse to perform its duty. *State, ex rel.,* v. *Hall* (1921), 191 Ind. 271, 131 N. E. 821; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654, 88 N. E. 299, 89 N. E. 307; *State, ex rel.,* v. *Porter, Trustee* (1893), 134 Ind. 63, 32 N. E. 1021, 33 N. E. 687.   It appearing that the board had refused to meet with the trustee and to act with him in meeting an existing emergency previously declared for necessary school facilities, to that extent at least the complaint would be sufficient, and an action

for mandamus would lie. The ruling on the complaint is sustained.

Appellants also insist that the judgment entered in this case was contrary to law for the reason that it substitutes the discretion of the court for that of the board. To some extent, the judgment is subject to this criticism, in that it fixes the amount which the board shall appropriate for the payment of various kinds of services in the prosecution of the proposed work, some of which, for aught appearing in the complaint, were possibly subjects unsettled by the trustee, and in which the advisory board should cooperate with him. What may have been the evidence in support of the various allegations of the complaint, we have no way of knowing. We must presume that the evidence sustained the findings, which we cannot say were entirely outside of the allegations in the complaint. While some of these allegations, under certain circumstances, might have been stricken out on motion as being beyond the power of the court to grant, yet no such motion was made, nor was there any motion to modify the judgment, and thus give the lower court an opportunity to rule favorably or unfavorably on the contention of appellants, urged for the first time in this court. The question last sought to be presented we cannot consider on this appeal. *Bayless* v. *Glenn* (1880), 72 Ind. 5; *New York, etc., R. Co.* v. *Hamlet Hay Co.* (1897), 149 Ind. 344, 354, 47 N. E. 1060, 49 N. E. 269; *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820; *Millikan* v. *McAlpin* (1914), 181 Ind. 482, 104 N. E. 855; *Smith* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911.

Judgment affirmed.