No. 16,964.

STATE, EX REL. CROWDER, ET AL. *v.* MILES ET AL.

STREETS AND ALLEYS.—*Mode of Improvement can not be Controlled by Mandamus.—Incorporated Town.*—The board of trustees of an incorporated town have exclusive power over the streets and alleys of the town, with power to improve the same, and the manner of improvement being discretionary with the board of trustees, their discretion as to the mode of improvement can not be controlled by mandamus.

SAME.—*Incorporated Town.—Power of Board of Trustees to Change Grade of Sidewalk.*—The board of trustees of an incorporated town has the right to change the grade of a sidewalk at any time before the work is completed, in such manner as in their judgment would make the walk most beneficial to the public.

From the Sullivan Circuit Court.

*O. B. Harris, W. T. Douthitt* and *A. G. Smith,* Attorney-General, for appellants.

*J. T. Hays, W. C. Hultz* and *W. R. Nesbit,* for appellees.

COFFEY, J.—This action was brought by the appellant, in the Sullivan Circuit Court, against the appellees, who constitute the board of trustees of the town of Sullivan, to compel them, by mandate, to construct a sidewalk according to specific plans and specifications.

The facts in the case, as gathered from the pleadings, as we understand them, are that about 1891 the board of trustees of the town of Sullivan, by proper ordinance, settled upon a plan for grading and improving certain of the streets in the town, among which was Jackson street. Under the plan adopted, Jackson, Court, and Section streets were graded and graveled. Court street and Section street run north and south, while Jackson runs east and west, crossing Court and Section streets at right angles. Lots eighty-two and eighty-three front on

the south side of Jackson street and extend from Court street on the east to Section street on the west, a distance of two hundred and sixty feet. In front of these lots is a good brick and stone walk, placed there by the owner under the direction of the town authorities, and in front of lot eighty-two is a number of large and valuable shade trees. After the grading of the streets above named, it was ascertained that it would destroy the shade trees in front of lot eighty-two to construct the sidewalk on Jackson street on the grade as it was then fixed by the ordinance for the improvement of that street, and when this fact was ascertained a large number of the citizens and resident taxpayers of the town petitioned the board of trustees to change the grade of the sidewalk so as to save the shade trees. The board granted the prayer of the petition, and sent out the engineer to fix a new grade for the sidewalk on Jackson street so as to preserve the shade trees thereon, but before he made his report the writ in this case was served upon the appellees, by which the appellant sought to compel them to construct the sidewalk on the grade as established by the ordinance directing the improvement.

To a return setting forth these facts, the court overruled a demurrer, and the appellant, refusing to plead further, judgment was rendered for costs.

The controlling question in the case relates to the right and power of the trustees of the town to change the grade of the street, when once established, before the completion of the improvement contemplated.

Section 3367, R. S. 1881, confers upon the boards of trustees of incorporated towns in this State exclusive power over the streets, alleys, highways and bridges within the corporate limits of the town, and gives them power to prescribe the height and manner of construction of such bridges, and to lay out, survey and open

new streets and alleys, and straighten, narrow, widen, grade and gravel and otherwise alter and improve the streets and alleys.

The exclusive power over the streets and alleys of the town, with power to improve the same, necessarily carries with it a discretion in the board of town trustees as to the kind of improvements to be made and the manner in which the work shall be performed. *Mayor, etc.,* v. *Roberts,* 34 Ind. 471; *City of Kokomo* v. *Mahan,* 100 Ind. 242; *Weaver* v. *Templin,* 113 Ind. 298.

It is a familiar rule that an inferior tribunal, clothed with a discretion, can not be compelled by mandamus to exercise such discretion in any particular way.

Where such tribunal is charged with the performance of some specific duty, in the performance of which there is a discretion, if it refuses to act at all mandamus is the proper remedy to put it in motion, but the court issuing the writ can not control the exercise of such discretion. 14 Am. and Eng. Encyc. 108.

In this case, however, the board of trustees of the town of Sullivan was not refusing to act. It was, in fact, taking the necessary steps to so change the grade of the sidewalk on Jackson street so as to save the shade trees thereon. Of course, if the writ in this case had been made peremptory, their power to make such a change would have been at an end, for they would have then been compelled to construct the sidewalk on the grade as originally established. They would have thus been deprived of the discretion with which the statute invests them.

We think the board had the undoubted right to change the grade of this sidewalk at any time before the work was completed, in such manner as in their judgment would make the walk most beneficial to the public. To deny it this right would be to deprive it of the power to

correct any errors or mistakes in a grade once established, however injurious to the public they might be.

We think the return filed by the appellees in this case was good, and that the circuit court did not err in overruling a demurrer thereto.

Judgment affirmed.

Filed Oct. 16, 1894.