BOARD OF COMMISSIONERS OF THE COUNTY OF DAVIESS *v.*
STATE OF INDIANA, EX REL. GILLEY. ·

[No. 23,752.  Filed October 26, 1920.]

1. MANDAMUS.—*Board of Commissioners.—Discretionary Action.*—Mandamus will not lie to control the action of a board of county commissioners, where such action is of a discretionary character. p. 543.

2. SCHOOLS AND SCHOOL DISTRICTS.—*County Superintendent.—Salary.—Petition.*—The filing of a petition in conformity with chapter 78, Acts 1919 p. 445, invokes the action thereupon of the board of county commissioners, but such board may allow or refuse to grant an addition to the salary of the county superintendent. p. 543.

3. STATUTES.—*Construction.*—*Use of Words.*—*"May."*—The mean-ing of "may," as generally understood, is permissive, and not mandatory, and it will be given that meaning in the absence of anything in the wording of a statute or in its general import and purpose that would indicate that the word was used to express any other or different meaning. p. 544.

From Daviess Circuit Court; *James W. Ogden,* Judge.

Mandamus by the State of Indiana, on the relation of James E. Gilley, against the board of commission-ers of the county of Daviess. From a judgment for the relator, the defendant appeals. *Reversed.*

*Edgar T. Laughlin,* for appellant.

*M. S. Hastings, J. G. Allen, E. E. Hastings* and *A. W. Allen,* for appellee.

LAIRY, J.—This is an appeal from a judgment ren-dered by the Daviess Circuit Court in a mandamus proceeding, by which judgment appellant board of commissioners of Daviess county was ordered to make and enter of record an order allowing an addition of $1,000 per annum to the salary of relator as superin-tendent of the schools of the county of Daviess.

The proceeding was based on a statute enacted by the General Assembly of this state at the regular 1919 session, and on certain proceedings had before the board of commissioners in accordance with the pro-visions of such statute. The section of statute on which relator relies is set out in full, Acts 1919, ch. 78, p. 445: "1. Be it enacted by the General Assembly of the State of Indiana, That the board of county commissioners may, upon the petition of four hun-dred (400) resident freeholders of the county not more than one hundred of whom shall be residents of the same township and a majority of the township

trustees of a county, allow an addition to the salary of the county superintendent of schools therein, in such amount as in the judgment of the majority of the petitioning township trustees the conditions in such county and the work required of such superintendent therein, may justify, not exceeding one thousand dollars ($1,000) per year, payable to such county superintendent of schools in monthly installments out of the treasury of the county on a warrant signed by the county auditor, and the county council shall appropriate, and the board of county commissioners shall allow, the funds necessary to make such payments.''

The petition alleges a strict compliance with the statute by filing a petition signed by the trustees of all the townships of the county and the required number of voters fixing the increase of compensation to be allowed relator under such petition at $1,000 per annum. It is further alleged that the board of commissioners refused to grant said petition but denied it and refused to make an order allowing to relator any additional compensation as superintendent of the county schools of Daviess county.

Appellant addressed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The memorandum to the demurrer specifies two specific objections to the complaint. The first specification is that it is not the duty of the board of commissioners of a county under the section of the statute quoted to grant a petition filed in accordance with its provisions, but that such a board may grant such a petition or refuse it in the discretion of the board. The second specification is based on the proposition that the right to fix salaries

rests in the legislature under the provisions of our state Constitution, and that the statute in question is invalid for the reason that it attempts to delegate to a majority of the petitioning trustees of a county the power to determine and fix the additional salary which shall be allowed to the county superintendent of schools by the board of commissioners of the county to be affected.

The trial court overruled the demurrer, and, appellant declining to answer or plead further, a final judgment was entered. The ruling of the court on the demurrer is assigned as error on appeal.

By the statute under consideration the legislature provided for the filing of a petition and prescribed the necessary requisites of such petition to invoke the action of the board. When a petition is filed in conformity with the statute, it is the duty of the board to act on such petition, and such action could, no doubt, be enforced by mandamus; but mandamus will not lie to control an action where the party or body is acting in a judicial capacity or where the action is of a discretionary character. *Burnet* v. *Trustees, etc.* (1875), 50 Ind. 251; *Mayor, etc.* v. *Roberts* (1870), 34 Ind. 471; *State, ex rel.* v. *Miles* (1894), 138 Ind. 692, 38 N. E. 400.

The filing of a petition in conformity with the statute invokes the action of the board of commissioners. When the board is thus called on to act, the statute provides that the board of county commissioners may allow an addition to the salary of the county superintendent of schools in an amount designated in the petition by a majority of the trustees signing the petition. The language employed by the legislature indicates that it was the purpose to

empower boards of commissioners of counties to make. such orders, but that it was also the purpose to leave them free to decline to do so. If it had been the purpose of the legislature to impose an absolute duty on boards of commissioners to grant all petitions filed in conformity with the statute, it would have certainly found and used apt words to express such an intention.

Appellee insists that the word "may" as used in the statute should be given the force and effect of the word "shall," and cases are cited where courts

3.    in construing statutes of doubtful meaning have given such meaning to the word; but the context of the statutes under consideration in. the cases cited, or the evils sought to be corrected and the remedies afforded were such as to indicate that the legislature intended to impose an absolute duty. The general rule is that words used in statutes will be given the meaning in which they are commonly used and ordinarily understood. The meaning of "may" as generally understood is permissive and not mandatory, and the attention of the court has not been called to anything in the wording of the statute or in its general import and purpose that would indicate that the word was used therein to express any other or different meaning.

The wording of the statute clearly indicates that, when an order is made granting an additional allowance under the provisions of the act, it shall be the duty of the advisory board of the county to make the necessary appropriation to pay it, and that it shall be the duty of the board of commissioners to make orders for its payment from time to time as the same becomes due; but this affords no reason which would

justify the conclusion that the legislature intended to impose on the board the absolute duty to grant the additional allowance in the first instance.

Under the statute quoted appellant board of commissioners had a right to grant the petition and make the allowance, but it had also a right, in its discretion, to refuse to do so. *Board, etc.* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515. In making this statement the court is not to be understood as saying that the statute is either valid or invalid. It is not necessary to pass on the constitutional objections presented by the second specifications of the memorandum filed with the demurrer. The court erred in overruling the demurrer to the complaint for the reason stated in the first specification.

Judgment reversed.