## PARK *v.* BOARD OF COMMISSIONERS OF SULLIVAN COUNTY.

[No. 11,423.   Filed April 21, 1922.]

SCHOOLS AND SCHOOL DISTRICTS.—*County Superintendents.—Increase of Salary.—Order of County Board of Commissioners.—Statutes.*—Under Acts 1919 p. 445, providing that upon the filing of the proper petitions the board of county commissioners may allow, in addition to the salary of the county superin-

tendent of schools, any such amount as in the judgment of the majority of the petitioning township trustees the conditions in the county and the work required may justify, not exceeding $1,000, the county board of commissioners must affirmatively order the allowance before the county superintendent is entitled to the same, although the act also provides that the county council "shall" make an appropriation, and the board "shall" allow the funds necessary to make such payments; such mandatory provisions not being operative until the board, in the exercise of the discretion vested in it by the act, allows an increase of salary.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Richard Park against the Board of Commissioners of Sullivan county. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles D. Hunt,* for appellant.

*Lindley & Bedwell,* for appellee.

NICHOLS, J.—Action by appellant, who was county superintendent of Sullivan county, Indiana, for additional salary as provided by the laws of the general assembly of 1919, Acts 1919 p. 445.

The only error assigned is the action of the court in sustaining appellee's demurrer to the complaint, which was in two paragraphs. The question presented by the demurrer is as to whether or not the board of commissioners must affirmatively make and enter an order allowing the county superintendent of schools an additional salary of a stated sum before he is entitled to have a monthly allowance made to him by the commissioners. It is the contention of the appellant that all he is required to do is to file a claim for his monthly allowance, provided the proper petition has been filed with the county commissioners, of freeholders of the county, and also a proper petition by the township trustees of the county designating the amount of additional salary the county superintendent should be allowed. It

is the contention of appellee, board of commissioners, that although a proper petition is filed with said board by the freeholders of the county and a proper petition is filed by the trustees of the township of said county, and all things are regular in reference thereto as provided by said act, yet the board has no right or authority to allow an additional salary until after the board has made and entered an order allowing so much for an additional salary.

It is provided by the act referred to, that upon the filing of the proper petitions the board of county commissioners *may* allow, in addition to the superintendent's salary, any such amount as a majority of the petitioning trustees, the conditions of the county and the work required may justify not exceeding $1,000 to be paid in monthly installments out of the county treasury. The act further provides that the county council *shall* make the appropriation and the board of commissioners *shall* allow the funds necessary to make such payments.

It will be observed that, while it is the duty of the board of commissioners to act, the decision as to whether there should be allowed any increase of salary is discretionary with the board. If, in the exercise of the board's discretion, it allows an increase of salary, then the statute is mandatory that the funds necessary to make the payments shall be appropriated, and allowed monthly.

It is clear that as a prerequisite to the mandate of the statute there must first be an order increasing the salary. The case of *Board, etc.* v. *State, ex rel.* (1920), 189 Ind. 540, 128 N. E. 596, substantially decides the question here involved, and the court in construing the same statute says: "The wording of the statute clearly indicates that, when an order is made granting an additional allowance under the provisions of the act, it shall

be the duty of the advisory board of the county to make the necessary appropriation to pay it, and that it shall be the duty of the board of commissioners to make orders for its payment from time to time as the same becomes due; but this affords no reason which would justify the conclusion that the legislature intended to impose upon the board the absolute duty to grant the additional allowance in the first instance. Under the statute quoted appellant board of commissioners had a right to grant the petition and make the allowance, but it had also a right, in its discretion, to refuse to do so." In the instant case there is no averment in the complaint that appellee board of commissioners, had first granted the increased salary. This affirmative averment was necessary that the complaint might state a cause of action. Because of its absence from the complaint the demurrer thereto was properly sustained. The judgment, which was upon the demurrer, is affirmed.