ROGERS *v.* STATE OF INDIANA

[No. 28,595.  Filed  November  30,  1949.]

710

*Regester & Regester;* and *Donald A. Rogers,* all of Bloomington, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

YOUNG, J.—Appellant was charged by affidavit with reckless homicide in violation of § 47-2001 (a), Burns' 1940 Replacement (Acts of 1939, ch. 48, § 52).

The affidavit alleged that appellant unlawfully and feloniously drove and operated a motor vehicle over and along a public highway with reckless disregard for the safety of others and thereby caused the death of David Arnett. Then followed allegations that the acts of reckless disregard for the safety of others consisted of driving on the wrong side of the road, driving while he was under the influence of intoxicating liquor, and recklessly running his automobile against the person of said Arnett in a manner that was heedless of his safety.

No motion to quash was filed. There was a trial by jury. Appellant was found guilty and punishment was

fixed by the jury at imprisonment for a term of one to five years. There was judgment and sentence accordingly.

A motion for a new trial was filed upon the ground that the verdict was not sustained by sufficient evidence and was contrary to law. This motion was overruled.

In considering the matter of the sufficiency of the evidence, we may, under long established law, consider only that evidence favorable to the State. We will not weigh conflicting evidence.

There was evidence from which the jury could well have believed that the accident involved occurred on State Road 46, about one quarter of a mile west of Ellettsville, Indiana, at about 8 P. M. on September 11, 1948; that appellant was driving in a southeasterly direction toward Ellettsville and Bloomington in a light automobile and Arnett was driving in a northwesterly direction away from Ellettsville on a motorcycle; that he was accompanied by a companion also on a motorcycle; that the boys on their motorcycles met appellant at a curve in the road; that they were on the north side of the road, which was the side of the road to their right, and appellant was likewise on the north side of the road, which was to his left as he was going southeast; that Arnett, on his motorcycle, collided head on with the appellant in his Chevrolet automobile and Arnett's motorcycle was jammed into the front of the automobile between the right headlight and the hood; that the automobile thus engaged with the motorcycle skidded to the right across the south lane of the road onto the berm at the south side of the road, leaving marks upon the roadway, which appeared in a photograph taken the following morning and were described by one witness who saw them that evening and by several witnesses who saw them the following morning.

Arnett's companion testified to appellant's position on the north side of the road just preceding the collision. Arnett's skull was crushed. He had a broken jaw and was cut about the face and was killed instantly.

Appellant was arrested and taken to police headquarters and his blood was tested for alcohol and alcohol was found in his blood in such quantity as to indicate that he had been under the influence of liquor at the time of the accident. Also there was evidence that an hour or two before he and his companions had drunk three bottles of beer each and purchased a half-pint bottle of whiskey, which was found at the scene of the accident half empty. These facts were sufficient to permit the jury to find that appellant was operating his automobile at the time with reckless disregard for the safety of others and the judgment cannot be reversed for want of evidence.

Appellant's counsel also take the position that § 47-2001, Burns' 1940 Replacement, names offenses under sub-sections (a), (b), and (c), and that § 47-2002, Burns' 1940 Replacement, provides that each of the three offenses is separate and distinct and that no one of them includes another or is included in another. They argue that the only right of the State to prosecute appellant is that given by statute and that when the statute is not followed the court is without jurisdiction. They claimed separate and distinct offenses were combined in the affidavit with which we are concerned and that the prosecution, therefore, was not in accord with the statute and the court was without jurisdiction. They urged that the court's jurisdiction over the subject matter may be challenged at any time.

The case of *Brown* v. *State* (1941), 219 Ind. 251, 260, 37 N. E. 2d 73, negatives this contention. In that case

the defendant was prosecuted in Wayne County for rape committed in Union County and it was contended that this violated the constitutional provision granting all persons accused of crime the right of public trial in the county in which the offense shall have been committed (Constitution of Indiana, Art. 1, § 13). It was claimed that because this provision of the constitution was violated the trial court was without jurisdiction. This court recognized in its opinion in the Brown case that a judgment of a trial court without jurisdiction over the subject matter of the action is void and may be attacked at any time, but it pointed out that there are two types of jurisdiction. One is jurisdiction over the general subject matter of the proceeding and the other is jurisdiction over the particular action which is before the court. It was pointed out that in the Brown case the Wayne Circuit Court was invested with general power to try persons accused of crimes, which is true in the case before us. Where such general jurisdiction does not exist the lack of it cannot be waived. But when there is such general jurisdiction, jurisdiction of particular cases may be waived even though the prosecution is not conducted in strict accord with the constitution or, by the same token, an applicable statute. It pointed out that the right of an accused to trial by jury, his right to be heard by counsel, his right to meet witnesses face to face, and his right to be tried in the county where the offense of which he is charged was committed, may all be waived and when waived the jurisdiction of the court is not involved. It was further pointed out that such alleged defects in procedure should be presented to the trial court and that when not so presented they are waived. It was said that a party to an action hoping for a favorable decision may not go to trial without raising a waivable objection and then in the event of an unfavorable deci-

sion be permitted to raise the question on appeal. What is said in that case is exactly applicable to the case before us, even if we should consider that the statute forbids allegations of fact which constitute more than one offense in a single count of an indictment.

Reckless homicide, under the statute referred to above, is a form of involuntary manslaughter and doesn't belong to the class of crimes which may be charged in the language of the statute. Facts must be alleged which make it appear that the death was due to reckless disregard of the safety of others. *State v. Beckman* (1941), 219 Ind. 176, 185, 37 N. E. 2d 531; *Turrell* v. *State* (1943), 221 Ind. 662, 667, 51 N. E. 2d 359; *Smith* v. *State* (1917), 186 Ind. 252, 256, 258, 115 N. E. 943. Therefore, it was proper that facts be alleged in the affidavit in this case to establish the reckless disregard for the safety of others under sub-section (a) of the statute.

It is well established that facts constituting other offenses may be alleged if they contribute to the offense which is charged. In *Smith* v. *State, supra,* the following language applicable to the contention of appellant in this case was used:

". . . That even though this count charges appellant with the commission of two unlawful acts, viz.: the operation of his machine at an excessive rate of speed, in violation of § 10476c Burns' 1914, *supra,* and while under the influence of liquor, in violation of § 10476f Burns' 1914, Acts 1913 p. 779, 792, the prosecution is for the one offense of involuntary manslaughter to which each of such acts is alleged to have contributed, and the indictment is therefore not bad for duplicity; . . ."

So here, even though driving on the wrong side of the road and driving while under the influence of intoxicating

716

liquor are separate offenses, facts showing such acts may be alleged in an affidavit charging reckless homicide as going to make up and contribute to a situation which constitutes reckless disregard for the safety of another. To the same effect, see *Minardo* v. *State* (1932), 204 Ind. 422, 430, 183 N. E. 548; *Turrell* v. *State, supra.*

This identical statute has been before this court at least twice in *State* v. *Beckman, supra,* and *Turrell* v. *State, supra.* In both of those cases it is made perfectly clear that in charging reckless homicide the State may include facts constituting violations of other portions of the same section of the statute and violation of other sections of the statute. Also § 47-2003 is in direct conflict with this position. That section of the statute, which is part of the general statute including reckless homicide, clearly and specifically contemplates that in reckless homicide cases under subsection (a) of the statute, the violation of which is the basis of the affidavit before us, the indictment or affidavit and the proof may include allegations and evidence of the fact that the defendant was under the influence of intoxicating liquor at the time. Appellant's position is altogether inconsistent with the cases and statutes to which we have called attention and therefore is untenable.

The judgment is affirmed.

NOTE.—Reported in 88 N. E. 2d 755.