SEIBERT *v.* STATE OF INDIANA.

[No. 29,544. Filed February 6, 1959. Superseding opinion filed March 17, 1959.]

*Mark P. Lockwood,* of Princeton, *Gaylon L. Clark, Jr., McCray, Merrill, Clark & Craig* and *Wilbur F. Dassel,* of counsel, all of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was convicted of reckless homicide. The issue presented by this appeal is the sufficiency of the evidence to sustain the verdict.

The factual circumstances are correctly stated in the affidavit. However, the conclusions therein stated are very much in dispute. The pertinent parts of the charge are as follows:

> ". . . that Joseph E. Seibert . . . did then and there unlawfully and feloniously drive and operate a certain motor vehicle, to-wit: an automobile, in, upon, over and along a public highway in Gibson County, State of Indiana, known and designated . . . with reckless disregard for the safety of others, to-wit: by then and there, while proceeding in a northerly direction, attempting to pass another vehicle, to-wit: an automobile, from the rear while on

a slope where vision ahead was obstructed for a distance of less than five hundred feet ahead, . . . said Joseph E. Seibert, did then . . . unlawfully and feloniously proximately cause the death of another person, to-wit: Timothy Garrett, who was driving an automobile in a southerly direction on or about the crest of the above mentioned slope . . . ."

Thus, the above charge of reckless homicide is based upon the commission of one of the prohibited acts as enumerated in the reckless driving section of the Acts of 1939, ch. 48, §52 [clause (c), subdivision (2), p. 289] [§47-2001 (c) (2), Burns' 1952 Repl.]. This section of the statute provides, ". . . passing or attempting to pass another vehicle from the rear while on a slope . . . where vision ahead is obstructed for a distance of less than five hundred [500] feet ahead; . . ." may constitute reckless driving.

Although appellant's conduct was of the character enumerated in the reckless driving statute, it does not necessarily follow that all such acts which result in the death of another person constitute reckless homicide, as a matter of law. Section 47-2001 (a) defines reckless homicide as follows:

"Any person who drives a vehicle with *reckless disregard for the safety of others* and thereby causes the death of another person . . . ." (Our italics.)

True, the statute employs the same language to describe reckless driving (except that death is not involved), and the reckless driving section of the statute enumerates passing within 500 feet when one's view is obstructed as a prohibited act. However, the reckless driving section provides, with respect to these enumerated acts, that:

"The offense of reckless driving, . . . *may* be based, depending upon the circumstances, on the

following enumerated acts . . . ." (Our italics.) §47-2001(c).

We must assume that the word "may"[1] was used deliberately and, therefore, notwithstanding proof of any of the enumerated circumstances, there must be proof that such act was done with reckless disregard for the safety of others in order to constitute the offense charged.[2] In other words, the mere fact that a person attempts to pass another when his view is obstructed for less than 500 feet does not per se, under all circumstances, constitute a crime of reckless homicide if a person is killed as a result of such act. It must be established that the enumerated act was performed "with reckless disregard for the safety of others," under the circumstances.

This court has heretofore considered the facts which must be alleged, and therefore proved, in an action for reckless homicide. In the case of *Rogers* v. *State* (1949), 227 Ind. 709, 711 and 715, 88 N. E. 2d 755, this court stated:

"Appellant was charged by affidavit with reckless homicide in violation of §47-2001(a), Burns' 1940 Replacement (Acts of 1939, ch. 48, §52).

"Reckless homicide, under the statute referred to above, is a form of involuntary manslaughter and doesn't belong to the class of crimes which may be charged in the language of the statute. Facts must be alleged which make it appear that the death was

---

1. ". . . The general rule is that words used in statutes will be given the meaning in which they are commonly used and ordinarily understood. The meaning of 'may' as generally understood is permissive and not mandatory, and the attention of the court has not been called to anything in the wording of the statute or in its general import and purpose that would indicate that the word was used therein to express any other or different meaning." *Board, etc.* v. *State, ex rel.* (1920), 189 Ind. 540, 544, 128 N. E. 596.

2. *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108.

·due to reckless disregard of the safety of others. *State* v. *Beckman* (1941), 219 Ind. 176, 185, 37·. N. E. 2d 531; *Turrell* v. *State* (1943), 221 Ind. 662, 667, 51 N. E. 2d 359; *Smith* v. *State* (1917), 186 Ind. 252, 256, 258, 115 N. E. 943. Therefore, it was proper that facts be alleged in the affidavit in this case to establish the reckless disregard for the safety of others under sub-section (a) of the statute."

The term "reckless disregard for the safety of others" has a well defined meaning in the law. In the recent case of *Idol* v. *State* (1954), 233 Ind. 307, 310, 119 N. E. 2d 428, this court considered the term as applied to an action for reckless homicide. In that case this court stated:

"In *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, we lately had occasion to consider the sufficiency of the evidence to sustain a conviction of reckless homicide. Applying the rules there stated, it seems apparent that the evidence here falls far short of establishing the offense. There is no evidence that the appellant voluntarily, with knowledge of existing conditions, did an improper act or refrained from doing a proper one under circumstances where his action or failure to act evinced an entire absence of any care or a heedless indifference of the results which might follow. It cannot be found or inferred from the evidence that he made a conscious choice of a course of action which injured another, knowing of the danger to the other, or knowing facts which would disclose the danger to any reasonable man." See also *State* v. *Beckman* (1941), 219 Ind. 176, 37 N. E. 2d 531, and *Albert McGann Securities Co., Inc.* v. *Coen* ·(1943), 114 Ind. App. 60, 48 N. E. 2d 58.

What are the facts in this particular case, as bearing upon appellant's reckless disregard for the safety of others? Police officers, and other persons who inspected the scene following the collision, all testified that the hill obstructed the view ahead for a distance of more

than 500 feet and that the collision occurred while appellant was attempting to pass in this area.

However, other evidence which is also undisputed is as follows: Appellant testified that he looked, but did not see or believe that his view was obstructed, when he started to pass and that when he observed that his view was obstructed, even before the approaching car came into view, he applied his brakes for the purpose of getting back into his line of traffic. This testimony is supported by that of Mr. Wade, who was driving the car which appellant was attempting to pass. Wade testified that he did not at the time know that the hill obstructed the view ahead at the place where appellant was attempting to pass, and that he had travelled over the road several hundred times. He further testified he did not see the car approaching from the other side of the hill until after appellant had applied his brakes.

Further, the evidence is undisputed that a person approaching the hill from the south at a distance of more than a quarter of a mile, as appellant was, could see the highway extending beyond the hill and that if there were a car in the hollow approaching from the north it would ordinarily reach the crest of the hill and be in view long before a car approaching from the south reached the crest of the hill. This fact would cause persons who saw no car approaching to believe that none were approaching and that the hollow was not sufficiently deep to obscure a car if one were approaching beyond the crest of the hill. Upon this issue a witness who lived nearest the point of collision described the hill as "a fooler." There was no sign or yellow line warning persons of the obstructed view ahead.

The above evidentiary facts contradict the ultimate

fact that when appellant attempted to pass he had knowledge or was chargeable with knowledge that his view ahead was obstructed and that nevertheless he attempted to pass, knowing his action would probably result in injury to others.

Conceivably, but without so deciding, it could be argued that appellant was *negligent* in not using greater care to determine that his view was obstructed before attempting to pass, or that he exercised poor judgment in attempting to extricate himself from the situation in which he found himself after he became aware of his perilous position.

However, under the circumstances here presented, the evidence is not sufficient to sustain the verdict of the jury on the question of reckless disregard for the safety of others. Judgment is therefore reversed with instructions to sustain appellant's motion for a new trial.

Judgment reversed.

Arterburn and Bobbitt, JJ., concur.

Landis, C. J., dissents with opinion.

Jackson, J., not participating.

## DISSENTING OPINION

LANDIS, C. J.—The majority opinion reverses this cause because of the alleged insufficiency of the evidence to support the charge of reckless homicide.

The majority opinion concedes the charge of reckless homicide is predicated on one of the prohibited acts enumerated in the reckless driving statute.[1] To under-

1. Acts of 1939, ch. 48, §52, p. 289, being Burns' §47-2001, 1952 Replacement.

stand just what the prohibited acts of the statute are, we now quote from the statute as follows:

> *"The offense of reckless driving, as defined in this section, may be based, depending upon the circumstances, on the following enumerated acts* and also on other acts which are not here enumerated but are not excluded and may be within the definition of the offense: (1) driving at such an unreasonably high rate of speed, or at such an unreasonably low rate of speed, under the circumstances, as to endanger the safety or the property of others, or as to block the proper flow of traffic; (2) *passing or attempting to pass another vehicle from the rear while on a slope or on a curve where vision ahead is obstructed for a distance of less than five hundred [500] feet ahead;* (3) driving in and out of a line of traffic, except as permitted elsewhere in the laws of this state; (4) speeding up or refusing to give half of the roadway to a. driver overtaking and desiring to pass; (5) failing to dim bright or blinding lights when meeting another vehicle or pedestrian; (6) driving recklessly against another person or against the car or other property of another; or driving in any other specified manner in which the driver is heedless of probable injury to the safety, the property or the rights of others." (Emphasis added.)

It is true that the preliminary portion of the reckless homicide and reckless driving statutes states that ". . . Any person who drives . . . with reckless disregard for the safety . . . of others . . ." (and in the case of reckless homicide ". . . thereby causes the death of another . . .") shall be guilty of the offense. This general language as to what reckless homicide and reckless driving consist of, is then more specifically defined by listing the above-quoted six particular acts in six specific clauses of the statute which may constitute the offense, depending on the circumstances. It should be noted that no mention is here made of the earlier general provision that the

driving be ". . . with reckless disregard . . . [of the] rights of others . . . ." although the omnibus "catch-all" section following the six clauses lists ". . . driving in any other specified manner in which the driver is heedless of probable injury to the safety, the property or the rights of others."

Why did the legislature which generally defined reckless homicide and reckless driving as involving driving ". . . with reckless disregard for the safety of others . . ." then go to the trouble of listing six specific acts upon which reckless driving ". . . may be based, depending upon the circumstances, . . ." without any mention of the previous general requirement of driving ". . . with reckless disregard for the safety of others . . ."? This question is answered by the legal maxim of statutory construction; *expressio unius est exclusio alterius,* i.e., to express one thing compels us to exclude other things not there mentioned.[2]

The utter absence of any requirement that the driver drive with ". . . reckless disregard for the safety of others . . ." or that his driving be ". . . heedless of probable injury to . . . others . . ." with regard to said specifications, compels the conclusion that when the legislature said "The offense of reckless driving, as defined in this section, may be based, depending upon the circumstances, on the following enumerated acts . . ." (listing six of them specifically) it meant just what it said, i.e., that the offense may be based on said enumerated acts and need not also rely on "reckless disregard" or "heedlessness", which were not mentioned with reference to said specifications. But if we are to rewrite or redraft the statute to require "reckless disregard"

---

2. Ballentine's Law Dictionary, p. 474.

and "heedlessness" in all cases regardless of whether they are within the six specifications or not, then the six specifications have no importance in the statute whatever, and a conviction for reckless homicide or reckless driving will stand just as readily whether within the six specifications or not. If there is any lingering doubt that this construction completely destroys the six specifications, it is dispelled by the omnibus section providing that the offense may be based on driving *in any other specified manner* in which the driver is heedless of the rights of others. So, the majority opinion puts the six prohibited acts of driving on the same plane as driving in any other manner. This is a wanton narrowing and emasculation of the statute and should not be indulged in by this court in construing acts of the legislature. See: *State* v. *Griffin* (1948), 226 Ind. 279, 284, 79 N. E. 2d 537, 540, and the collection of cases therein cited for this well-established rule.

The majority opinion is also in conflict with the reckless homicide case of *State* v. *Beckman* (1941), 219 Ind. 176, 37 N. E. 2d 531, in which this court in a well-considered opinion by Shake, C. J., states, as follows, at pp. 185, 186 of 219 Ind., and p. 535 of 37 N. E. 2d:

". . . The facts alleged in the affidavit do not bring the case within any of the six prohibitions contained in the concluding part of §52, and if they sufficiently charge a public offense it must be because they constitute reckless disregard for the safety of others or heedlessness of probable injury to the safety, the property, or the rights of others as a matter of law."

The necessary corollary to the quoted proposition is that if the affidavit does come within the six prohibitions (as the majority opinion concedes in the case at bar), the allegations of reckless disregard for the safety

of others or heedlessness of probable injury to others, are not necessary to charge a public offense under the statute as a matter of law.

The majority opinion, if it is to stand, should overrule or disapprove the *State* v. *Beckman, supra,* reckless homicide case, as it is now changing the Indiana law on reckless homicide and reckless driving, and is in effect striking the six specifications entirely out of the statute.

The majority opinion places false reliance on *Rogers* v. *State*[3] in which this court affirmed a reckless homicide judgment of conviction, and *Beeman* v. *State,*[4] and *Idol* v. *State,*[5] as well as a civil suit for damages under the guest statute decided by the Appellate Court (*Albert McGann Securities Co.* v. *Coen*).[6] None of these cases are in point as they were not concerned whatever with the meaning of any of the six specifications of the statute here involved.

The principal assertion of the majority in support of its opinion is that ". . . the mere fact that a person attempts to pass another when his view is obstructed for less than 500 feet does not *per se,* under all circumstances, constitute [the offense] . . . ." I agree with this statement that the mere passing or attempting to pass when the view is obstructed for less than 500 feet does not necessarily *per se,* under all circumstances constitute the offense. But the point the majority fails to see is that the statute says such passing *under the circumstances may constitute the offense,* and here the

3. *Rogers* v. *State* (1949), 227 Ind. 709, 88 N. E. 2d 755.

4. *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919.

5. *Idol* v. *State* (1954), 233 Ind. 307, 119 N. E. 2d 428.

6. *Albert McGann Securities Co.* v. *Coen* (1943), 114 Ind. App. 60, 48 N. E. 2d 58.

jury, the trier of the facts below, by their verdict necessarily found against appellant on such issues as were required to support the verdict, and this court is required to indulge all inferences in favor thereof. The question in the Supreme Court is not, as stated by the majority, whether under all circumstances ". . . [passing] when . . . [the] view is obstructed for less than 500 feet . . . *per se* . . ." constitutes the offense, but rather whether under the circumstances of this case, as shown by the evidence favorable to the verdict and resolving the necessary inferences in support thereof, a sufficient showing before the jury has been made for a conviction of reckless homicide to stand under specification two named in the statute. The majority has fallen into the error of resolving all inferences against the jury's verdict instead of indulging in inferences favorable to the verdict.

To illustrate the lengths to which the majority has gone in order to upset the jury's verdict on the evidence as to what the circumstances were, the court takes as gospel truth the testimony of the accused appellant as to his driving and his belief (a conclusion) as to the obstruction of view. The jury were not required to believe him, and their verdict indicates they did not. But the majority opinion is relying on evidence contrary to the jury's verdict.

The majority opinion says the evidence is undisputed that "Appellant testified that he looked, but did not see or believe that his view was obstructed . . . [and that] he applied his brakes for the purpose of getting back into his line of traffic." What kind of undisputed evidence is this? No one denies appellant got on the witness stand and testified, but the important thing is that his so doing does not bind this court to accept his

testimony at face value, particularly when it is contrary to the jury's verdict finding him guilty. In the majority's cited case of *Rogers* v. *State, supra,* affirming the judgment of conviction, this court speaking through Young, J., said at p. 712 of 227 Ind., and p. 757 of 88 N. E. 2d:

> "In considering the matter of the sufficiency of the evidence, we may, under long established law, consider only that evidence favorable to the State. We will not weigh conflicting evidence."

For a collection of the abundant cases on this point see West's Indiana Digest, Vol. 10, "Criminal Law," §1159 (2), p. 681 at pp. 682 and 683, §1159 (3), p. 692 at pp. 693 and 694.

The opinion also says appellant applied his brakes even before the decedent's car came into view. The court is again disbelieving evidence favorable to appellee (The State) from the lips of the State Policeman Russell.

The opinion looks again for evidence favorable to appellant in referring to testimony that another driver, Wade, didn't know the obstruction existed on the road. The opinion ignores testimony of another witness, Mr. Rice, who states he knew that the obstruction did exist. It is obvious that this court has searched the record in order to reverse.

The court's opinion makes reference to the absence of road signs or yellow lines, but makes no reference to the narrow highway, each shoulder of which was covered with snow as shown by the photographs introduced in evidence. These physical facts undoubtedly made the attempted passing under the circumstances more hazardous.

In any event, the statute says the offense charged

may be based, depending on the circumstances, on the specifically enumerated acts therein set out, and upon one of which this charge was based. If this court is going to resolve evidential facts and inferences against the jury's verdict, they can upset it, but if the court is to consider only the evidence most favorable to appellee, as repeated decisions *ad infinitum* have said it must do, then the verdict should be allowed to stand on the evidence in the record.

I would affirm the judgment.

NOTE.—Reported in 156 N. E. 2d 878.