JOHN E. JONES, JR. *v.* STATE OF INDIANA.

[No. 3-774A132. Filed February 11, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—On September 13, 1973, defendant-appellant John E. Jones, Jr. was charged by indictment with the offense of reckless homicide as defined in IC 1971, 9-4-1-54 (Burns Code Ed.). Thereafter, on September 27, 1973, appellant filed a motion to dismiss the indictment alleging *inter alia* that the trial court was without jurisdiction over the defendant "for the reason that exclusive jurisdiction over the defendant is in the St. Joseph Probate Court." On November 26, 1973, such motion was overruled. Following a trial by jury, appellant was found guilty as charged, sentenced to the Indiana State Farm for a determinate period of six months and fined in the penal sum of $500. Subsequently, appellant's motion to correct errors was overruled, and this appeal was perfected.

The record reveals that at the time the offense charged in the indictment was allegedly committed, appellant was 17 years of age. There was no waiver of jurisdiction by a court having juvenile jurisdiction; and appellant was held for trial "under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult." IC 1971, 31-5-7-14 (Burns Code Ed.).

The sole issue which will be considered is whether the St. Joseph Circuit Court lacked jurisdiction by reason of appellant's status as a juvenile at the time of the offense.

IC 1971, 31-5-7-13 (Burns Code Ed.), provides as follows:

"If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under

the age of eighteen [18] years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, *excepting, however, cases against children over sixteen [16] years of age charged with violation of any of the traffic laws of the state or of any traffic ordinances of a subdivision of the state, and further excepting cases against children charged with a violation of law, which if, committed by an adult, would be a capital offense.* The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to the court itself, or release such child in the custody of some suitable person to appear before the juvenile court at a time designated. The juvenile court shall thereupon proceed to hear and dispose of such case in the same manner as if it had been instituted in that court in the first instance." (Emphasis supplied.)

The above statute has recently been interpreted by our Supreme Court to vest exclusive jurisdiction over all persons under 18 years of age in Juvenile Court and to exclude from such jurisdiction "cases against children over sixteen [16] years of age charged with violation of any of the traffic laws of the state", and "cases against children charged with a violation of law, which if, committed by an adult, would be a capital offense." See: *Blackwell* v. *State* (1970), 255 Ind. 100, 262 N.E.2d 632; *Cummings* v. *State* (1969), 252 Ind. 701, 251 N.E.2d 663, 19 Ind. Dec. 68. The question presented thus narrows to one of whether reckless homicide is a "traffic offense" within the meaning of the above statute.

Upon consideration of both the particular nature of the offense of reckless homicide and the express purpose of the statutes relating to juvenile care and guidance, it must be concluded that the term "violation of any of the traffic laws of the state" was not intended by the Legislature to include the offense with which appellant was charged and later convicted.

With regard to the specific character of the offense of reckless homicide, it is to be noted that an inherent overlap

or duplicity exists as between such offense and the more generally defined offense of involuntary manslaughter. See: *State* v. *Beckman* (1941), 219 Ind. 176, 37 N.E.2d 531. Indeed, reckless homicide is a form of involuntary manslaughter. *Rogers* v. *State* (1949), 227 Ind. 709, 88 N.E.2d 755.

IC 1971, 9-4-1-54, *supra,* provides as follows:

"Reckless Homicide. (a) *Any person who drives a vehicle with reckless disregard for the safety of others and **thereby** causes the death of another person shall be guilty of the offense of reckless homicide.* Any person convicted of reckless homicide shall be punished by a fine of not less than one hundred dollars [$100] or more than one thousand dollars [$1,000], or by imprisonment in the state farm for a determinate period of not less than sixty [60] days and not more than six [6] months, or by both such fine and such imprisonment or by a fine of not more than one thousand dollars [$1,000] and imprisonment in the state prison for an indeterminate period of not less than one [1] year or more than five [5] years." (Emphasis supplied.)

IC 1971, 35-13-4-2, Ind. Ann. Stat. § 10-3405 (Burns Supp. 1974), provides:

"Involuntary Manslaughter. *Whoever kills any human being without malice, expressed or implied, involuntarily but in the commission of some unlawful act, is guilty of involuntary manslaughter,* and, on conviction, shall be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: Provided, That if the crime of involuntary manslaughter is committed as a result of the driving or operation of a motor vehicle, the punishment for the offense shall be either imprisonment in the state prison for not less than one [1] nor more than ten [10] years; or by imprisonment in the state farm for a determinate period of not less than sixty [60] days and not more than six [6] months or a fine of not less than one hundred dollars [$100], nor more than one thousand dollars [$1,000], or by both fine and imprisonment." (Emphasis supplied.)

In the case of *Cichos* v. *Indiana* (1966), 385 U.S. 76, at 78, 17 L.E.2d 175, at 178, 87 S.Ct. 271, at 272, it is stated that "[p]roof of reckless homicide necessarily establishes an unlawful killing that amounts to involuntary manslaughter. Both crimes require proof of the same elements to sustain a

conviction under Indiana law." Our Supreme Court in *Cichos* v. *State*[1] (1965), 246 Ind. 680, at 686, 208 N.E.2d 685, at 688, stated that "[t]he offenses here involved are statutorily treated more as one offense with different penalties rather than viewing reckless homicide as an included offense of involuntary manslaughter." Furthermore, a legislative awareness of the inherent overlap between the two offenses is demonstrated by IC 1971, 9-4-1-55 (Burns Code Ed.), which provides, in pertinent part, as follows:

> "With respect to the offenses of reckless homicide and involuntary manslaughter, a final judgment of conviction of one [1] of them shall be a bar to a prosecution for the other; or if they are joined in separate counts of the same indictment or affidavit, and if there is a conviction for both offenses, a penalty shall be imposed for one [1] offense only."

Although the crime of involuntary manslaughter may be committed "as a result of the driving or operation of a motor vehicle", IC 1971, 35-13-4-2, *supra,* such offense, unlike the offense of reckless homicide, is not contained within the provisions of the Act "regulating traffic on highways and defining certain crimes in the use and operation of vehicles." See title of Acts 1939, ch. 48. We cannot conclude on the basis of such a transparent distinction that the crime of reckless homicide is thereby to be excepted from juvenile court jurisdiction while the offense of involuntary manslaughter is not. Indeed, such an unreasonable result would subvert the mandate of the juvenile Act which requires that it "be liberally construed to accomplish the purposes [therein] sought." IC 1971, 31-5-7-2 (Burns Code Ed.). See: *State ex rel. Atkins* v. *Juvenile Ct. of Marion Co.* (1969), 252 Ind. 237, 247 N.E.2d 53.

The offense of reckless homicide cannot therefore be embraced by the traffic offense exception to IC 1971, 31-5-7-13, *supra;* and it must be concluded that the St. Joseph Circuit Court, wherein appellant was tried and convicted, was without jurisdiction.

1. Petition for writ of certiorari dismissed with opinion as having been improvidently granted. 385 U.S. 76, at 80, 17 L.Ed.2d 175, at 179, 87 S.Ct. 271, at 273.

Accordingly, this cause is reversed. The trial court is ordered to grant appellant a new trial and to transfer this cause to the appropriate court having juvenile jurisdiction in St. Joseph County, Indiana. See: *Blackwell* v. *State, supra,* (1970), 255 Ind. 100, 262 N.E.2d 632; *Cummins* v. *State, supra,* (1969), 252 Ind. 701, 251 N.E.2d 663, 19 Ind. Dec. 68.

Reversed with instructions.

Staton, P.J. and Garrard, J. concur.