Jon E. GRESSEL, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 1-581A159.

Court of Appeals of Indiana,
First District.

Dec. 16, 1981.

J. Richard Kiefer, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Judge.

Jon E. Gressel appeals from the denial of his motion for relief from judgment pursuant to Ind.Rules of Procedure, Trial Rule 60. We affirm.

Gressel, then age seventeen (17) years, was convicted on February 23, 1979, by the City Court of Columbus, Indiana, of the offense of reckless driving.[1] Subsequently, the city court was abolished and its records transferred to the Bartholomew County Court. Gressel filed his T.R. 60 motion for relief from judgment in the county court, asserting as grounds for relief that the city court lacked jurisdiction because he was but seventeen years old at the time and that exclusive jurisdiction was vested in the juvenile court of Bartholomew County. This is the only issue presented in this appeal.

We agree with the state that a T.R. 60 motion for relief from judgment is not the proper procedural vehicle to raise the question which Gressel presents. Rather, his remedy was by way of post-conviction remedies under Ind.Rules of Procedure, Post-Conviction Rule 1. However, in the interest of judicial economy, we will decide the question presented.

Indiana Code 33–12–2–3(a)[2] in effect at the time of the offense and trial in this case provided:

"(a) The juvenile courts created by this chapter shall have original exclusive jurisdiction, except after jurisdiction of the child is waived, in all cases in which a child is alleged to be delinquent, dependent or neglected, including the alleged delinquency, dependency or neglect of a child of divorced parents. . . ."

Indiana Code 31–5–7–4.1[3] in force at the time here involved, insofar as applicable to this case provided:

"The words 'delinquent child' shall include any person under the age of eighteen (18) years who:

(a) Commits an act which, if committed by an adult, would be a crime, except:

\* \* \* \* \* \*

---

1. Ind.Code 9–4–1–54(c). Subsection (c) was deleted by 1980 amendment effective June 1, 1980. For current law see Ind.Code 9–4–1–56.1 (Supp.1980).

2. Repealed effective October 1, 1979. For current law see Ind.Code 31–6–2–1 (Supp.1980).

3. Repealed effective October 1, 1979. For current law to the same effect see Ind.Code 31–6–2–1(b)(1) (Supp.1980).

(2) violations of any of the traffic law of the state or of any traffic ordinances of a subdivision of the state if committed by a person sixteen (16) years of age or older."

"Traffic offense" has been defined by the legislature in Ind.Code 9–4–7–2 as follows:

"As used in this act, unless the context clearly requires otherwise:

(1) 'Traffic offense' means any violation of a statute, ordinance or regulation relating to the operation or use of motor vehicles and any violation of a statute, ordinance or regulation relating to the use of streets and highways by pedestrians or by the operation of any other vehicle."

 We believe reckless driving is a traffic offense clearly within the statutory definition and within the exclusion of juvenile jurisdiction in IC 31–5–7–4.1 then in effect. Gressel relies on *Jones v. State*, (1975) 163 Ind.App. 191, 322 N.E.2d 727, in support of his contention that reckless driving is a criminal offense within the jurisdiction of the juvenile court. That reliance is misplaced. *Jones* was a reckless homicide case. There, this court pointed out that reckless homicide essentially is a form of involuntary manslaughter and, therefore, not a traffic offense. Such is not the case here. This was clearly a traffic offense, specifically excluded from the juvenile court jurisdiction. The city court did indeed have jurisdiction.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.